IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONNAHUE GEORGE,

    *Plaintiff*,

    v.

THE DEPOSITORY TRUST & CLEARING

CORP., *et al.*,

    *Defendants*.

Case No. 21-cv-61719-KMM

**DEFENDANT THE DEPOSITORY TRUST CLEARING CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The Court should deny Plaintiff Donnahue George's motion for a preliminary injunction. Plaintiff's legal claims are frivolous, he does not even attempt to satisfy the factors for obtaining a preliminary injunction, and the relief he seeks is improper.[1]

**BACKGROUND**

Defendant The Depository Trust & Clearing Corporation ("DTCC") is a holding company that owns and operates three clearing agencies registered with the U.S. Securities and Exchange Commission ("SEC"), including National Securities Clearing Corporation ("NSCC"). NSCC is the central counterparty that clears cash transactions in the U.S. equities markets, netting securities deliveries and payments among NSCC's clearing members and guaranteeing completion of trades even if one party defaults. NSCC's clearing members are generally brokers or broker-dealers, who

---

[1] Plaintiff requests a hearing on his motion. Defendant respectfully submits that a hearing is unnecessary to resolve the issues presented.

1

complete trades on behalf of their trading customers. NSCC has no legal or other relationship with the customers of its broker dealer members, and knows neither the identity of the customers who execute or direct trades nor the customers' reasons for trading or what other positions customers may hold.[2]

DTCC is a self-regulatory organization ("SRO") registered with the SEC. *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005); *see also* 15 U.S.C. § 78q-1. The SEC relies on SROs "to conduct the day-to-day regulation and administration of the United States' stock markets," and to that end "vests [SROs] with a variety of adjudicatory, regulatory, and prosecutorial functions." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1296 (11th Cir. 2007). As an SRO, DTCC is an integral part of the comprehensive federal system for the securities markets. *Dexter*, 406 F. Supp. 2d at 263 ("Congress and the SEC have delegated significant responsibility for regulation of the securities markets to SROs, operating under the supervision of the SEC.").

Plaintiff Donnahue George has sued DTCC as well as many other government and private entities, making only scattershot allegations of misconduct. For instance, Plaintiff asserts that "[t]he SEC FINRA CFTC and the DTCC have breached the contract that they have with myself other American citizens and the entire worlds [sic] economic system … by turning a blind eye to the irregularities and illegal acts in the market and allow [sic] this malfeasance to continue." Compl. ¶ 1. Plaintiff also claims: "The Government agencies [sic] actions are similar to a bank robbery. The bank robbers are caught by the police but instead of arresting the bank robbers and

---

[2] Because the complaint contains virtually no allegations about DTCC, the facts in this paragraph are taken from the congressional testimony of DTCC's CEO. *See* Written Testimony of Michael C. Bodson, CEO, The Depository Trust & Clearing Corp., *Hearing Before the H. Comm. on Fin. Servs.* (May 6, 2021), *available at* https://www.dtcc.com/-/media/Files/PDFs/Testimony-of-Michael-Bodson-050621.pdf.

taking them to jail the police take a cut of the ill-gotten proceeds and let the bank robbers keep the rest." *Id.*

Without any well-pled factual allegations specific to DTCC, Plaintiff asserts three causes of action against DTCC: (1) breach of contract; (2) RICO violations; and (3) Sherman Act violations. Plaintiff's breach of contract claim alleges that "[t]he SEC FINRA CFTC and DTCC had a Contract with the American people to insure [sic] an open and fair market," and "[t]he SEC FINRA CFTC and the DTCC failed to perform by turning a blind eye for years to all the illegal activities of the Hedge funds Market Makers and Dark Pools and when acting like they were fulfilling their obligations under the contract by punishing the bad actors they only fined the bad actors a small amount compared to the profits the bad actors received from their bad behavior." Compl. ¶ 10. As to the RICO claim, Plaintiff alleges that "[t]he SEC DTCC FINRA CFTC Ken Griffin Citadel Connect Citadel Securities Citadel LLC Robinhood and WEbull are distinct and separate individuals and worked together to manipulate the price of AMC and GME shares to benefit themselves at the detriment of myself and other retail investors national and internationally." Compl. ¶ 15. Finally, Plaintiff alleges that while other defendants created a monopoly in violation of the Sherman Act, DTCC was "aware of these illegal activities" and failed to "fin[e] these bad actors in an amount that would deter this bad behavior." Compl. ¶ 36.

Plaintiff has moved for a preliminary injunction "barring defendants from destroying any documents … related to AMC and GME shares, and barring defendants from continuing trading AMC and GME shares." ECF No. 10 at 2.

## ARGUMENT

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel*

*v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (quotation marks omitted). These prerequisites are: (1) a "substantial likelihood of success on the merits"; (2) "irreparable injury" absent an injunction; (3) a balance of the equities in the plaintiff's favor; and (4) that the injunction would not be "adverse to the public interest." *Id.*[3] A plaintiff must satisfy "all four prerequisites." *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1225 (11th Cir. 2021) (quotation marks omitted). Plaintiff has not met his burden to satisfy any of the four prerequisites.

### I. Plaintiff Cannot Show A Likelihood Of Success On The Merits.

Plaintiff has not shown a likelihood that he will succeed on the merits of any of his claims.[4]

As an initial matter, Plaintiff cannot succeed on any of his claims because DTCC is immune from suit. "SROs are protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions." *Weissman*, 500 F.3d at 1296. Regulatory immunity gives SROs "breathing room to exercise their powers without fear that their discretionary decisions may engender endless litigation." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 97 (2d. Cir. 2007). Plaintiff alleges that DTCC failed adequately to regulate market participants. *See* Compl. ¶ 10 (alleging DTCC breached its contract with plaintiff because "they only fined the bad actors a small amount" and "turn[ed] a blind eye" to wrongdoing); *id.* ¶ 22 (alleging DTCC violated RICO laws "because there are no consequences that deter" bad actors' behavior); *id.* ¶ 36 (alleging DTCC violated Sherman Act because it knew of monopolies and did

---

[3] Plaintiff cites *SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999), for the governing standard. But that case addressed the conditions under which *the SEC*—not a private litigant—is entitled to a preliminary injunction for securities violations. *See id.*

[4] Because the Complaint is plainly deficient, a dismissal *sua sponte* would be appropriate. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983) (noting "the inherent power of courts to dismiss frivolous suits"). If necessary, DTCC will file a motion to dismiss when its response to the Complaint is due on November 29, 2021. *See* ECF No. 22.

not "fin[e] these bad actors in an amount that would deter this bad behavior"). Assuming for purposes of this motion that DTCC performed these regulatory functions as alleged, these functions would fall comfortably within the category of "governmental functions" protected by immunity. *Weissman*, 500 F.3d at 1296. DTCC is therefore immune from Plaintiff's claims.[5]

Even setting aside DTCC's immunity, Plaintiff is not likely to succeed on any of his claims. Indeed, all his claims are frivolous.

***Breach of Contract.*** A plaintiff alleging breach of contract must show "(1) formation of a contract …; (2) performance by [plaintiff]; (3) non-performance by [defendant]; and (4) resulting damages." *Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1247 (11th Cir. 2002). Plaintiff's complaint is devoid of specific facts about any contract between DTCC and Plaintiff, and alleges merely that DTCC "had a Contract with the American people to insure an open and fair market," which they "failed to perform by turning a blind eye" to amorphous illegal activities. Compl. ¶ 10. This generic alleged social compact does not give rise to an enforceable contract. *See Spraggins v. Florida*, No. 14-cv-478, 2016 WL 7206702, at *2 (N.D. Fla. Nov. 8, 2016) (Plaintiff "bases his claims on his alleged status as a[n] 'intended beneficiary of the American Social Contract,' but he has wholly failed to state a breach of contract claim. In any event, the undersigned understands that the Social Contract is a[n] implied agreement among the governed, concerning the legitimate authority and limitations of government, and not a business deal." (citations omitted)).[6]

---

[5] DTCC joins and adopts the immunity argument made by its fellow SRO, the Financial Industry Regulatory Authority, Inc. ("FINRA"), in its opposition. *See Def. FINRA's Opp'n to Pl.'s Mot. for Prelim. Inj.*, No. 21-cv-61719 at *8-11 (S.D. Fla. Oct. 13, 2021), ECF No. 24.

[6] Plaintiff might argue that as a pro se litigant he is entitled to a liberal reading of his pleadings, but Plaintiff is a suspended attorney who is not subject to the leniency given to ordinary pro se parties. *See In re George*, 868 N.Y.S.2d 900 (N.Y. App. Div. 2008); *see also Stuart v. Ryan*, No.

***RICO.*** "A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).

Plaintiff has not adequately pleaded that DTCC "operated or managed" an "enterprise." Plaintiff's allegations regarding the "enterprise" are vague and conclusory. *See* Compl. ¶ 15 (alleging simply that defendants "worked together to manipulate the price" of shares). Such allegations are inadequate to state a claim. A plaintiff may not "conclusorily allege that Defendants entered into an agreement" without alleging "facts showing that this alleged agreement actually exists." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017).

In addition, Plaintiff has not adequately alleged a "pattern" of "racketeering activity." Plaintiff alleges that the "predicate acts of racketeering" are wire fraud. Compl. ¶ 17. "Like any allegation of fraud, [Plaintiff's] alleged predicate acts must satisfy the heightened pleading standards embodied in Federal Rule of Civil Procedure 9(b), which requires the plaintiff to state with particularity the circumstances constituting fraud." *Cisneros*, 972 F.3d at 1216 (quotation

---

18-14244, 2019 WL 1235024, at *1 (S.D. Fla. Mar. 11, 2019) (pro se plaintiff is "is not entitled to the leniency often afforded to traditional *pro se* litigants as she is in fact an attorney … and the recent suspensions of her law license do not lessen that." (quotation marks omitted)), *aff'd in relevant part, vacated in part on other grounds*, 818 F. App'x 858, 861 (11th Cir. 2020). Moreover, Plaintiff has filed other cases that have been dismissed for deficient pleadings and should be well aware of applicable standards. *See, e.g., George v. Snyder*, 847 F. App'x 544, 548 (11th Cir. 2021) (affirming dismissal for "not includ[ing] sufficient factual matter that would allow the Court to reasonably infer that Defendants are liable for any misconduct or wrongdoing, or what the claim or claims against each of them may be") (quotation marks removed); *George v. Comm'r of Soc. Sec.*, 828 F. App'x 699 (11th Cir. 2020) (affirming denial of plaintiff's motion for reconsideration of dismissal). Regardless, Plaintiff's claims are frivolous even if read with the leniency given to other pro se litigants.

6

marks omitted).  Here, Plaintiff's complaint includes no particularized allegations of fraud.

***Sherman Act*.**  To state a claim under Section 2 of the Sherman Act, a plaintiff must show an "attempt to monopolize, or [a] conspir[acy] to monopolize any part of interstate or foreign trade."  *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1074 (11th Cir. 2004).  Plaintiff alleges vaguely that certain private entities engaged in malfeasance, and that "[t]he Defendants SEC FNRA [sic] and DTCC were aware of these illegal activities and instead of fining these bad actors in an amount that would deter this bad behavior, the fines and punishments actually motivated the bad actors to continue violating the law."  Compl. ¶ 36.  This vague assertion is insufficient to allege a Sherman Act conspiracy.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  Nor does Plaintiff allege other elements of a Sherman Act claim, such as a relevant market or harm to competition.  *Clear Channel*, 376 F.3d at 1074.

## II.     Plaintiff Fails To Satisfy The Remaining Factors.

Plaintiff has also failed to meet his burden to establish the other prerequisites for a preliminary injunction.  "A preliminary injunction requires more than a likelihood of success on the merits—much more."  *Brown*, 4 F.4th at 1225.  Plaintiff also bears the burden of "clearly establish[ing]" the other prerequisites: irreparable injury, the balance of the equities, and public interest.  *Siegel*, 234 F.3d at 1176.  "A showing of irreparable injury is the sine qua non of injunctive relief."  *Id.* (quotation marks omitted).  Here, Plaintiff makes no argument that those other prerequisites are satisfied.  For this reason, too, preliminary injunctive relief is improper.

## III.    Plaintiff's Requested Relief Is Improper And Inapplicable To DTCC.

Leaving aside that Plaintiff is not entitled to any injunctive relief, the requested relief is not appropriate.  Injunctions "should be limited in scope to the extent necessary to protect the interests of the parties," and should "be tailored to fit the nature and extent of the established violation."

7

*Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1209 (11th Cir. 2021) (quotation marks omitted).

Here, Plaintiff's request for an "injunction barring defendants from destroying any documents," ECF No. 10 at 8, is not tailored to fit the nature and extent of any alleged violation. Plaintiff does not explain how such an injunction will remedy or prevent any of the alleged violations of law. In addition, Plaintiff's request for an injunction "barring Defendants from trading" specific shares, *id.*, would not remedy or prevent any violation because Plaintiff does not allege that DTCC engages in trading, and could not do so in good faith because DTCC provides post-trade services and does not trade. Plaintiff therefore fails to meet his burden to clearly demonstrate his entitlement to the extraordinary relief he seeks.

Because Plaintiff's proposed relief is inappropriate, the motion for preliminary injunction should be denied. *See Alley v. U.S. Dep't of Health & Hum. Servs.*, 590 F.3d 1195, 1205 (11th Cir. 2009) ("It is well-settled that a district court abuses its discretion when it drafts an injunction that is unnecessarily broad in scope.").

## CONCLUSION

DTCC respectfully requests that this Court deny Plaintiff's motion.

Dated: October 14, 2021

Respectfully submitted,

By: */s/ Curtis Carlson*
Curtis Carlson, FBN 236640
CARLSON & ASSOCIATES, P.A.
1 SE 3rd Ave, Ste 1200
Miami, FL 33131
(305) 372-9700
carlson@carlson-law.net

Adam G. Unikowsky (*pro hac vice* pending)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001-4412
(202) 639-6000
AUnikowsky@jenner.com

Gregory M. Boyle (*pro hac vice* pending)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
GBoyle@jenner.com

*Attorneys for Defendant The Depository Trust & Clearing Corporation*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 14, 2021, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record; additionally, a copy of the foregoing was sent by U.S. mail to plaintiff at 1012 N.W. 2nd Street, Fort Lauderdale, FL 33311.

                By: */s/ Curtis Carlson*
                   Curtis Carlson