**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-61719-MOORE/SNOW**

DONNAHUE GEORGE,

                Plaintiff,

       v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

Defendants.

_____/

**DEFENDANTS KEN GRIFFIN, CITADEL**
**ENTERPRISE AMERICAS LLC (FORMERLY CITADEL**
**LLC), AND CITADEL SECURITIES LLC'S OPPOSITION TO**
**<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ...................................................................................................................2

LEGAL STANDARD...............................................................................................................3

ARGUMENT........................................................................................................................3

I.    PLAINTIFF FAILS TO MEET HIS BURDEN TO OBTAIN A
PRELIMINARY INJUNCTION .........................................................................3

    A.    Plaintiff Relies on an Inapplicable Standard for a Preliminary
Injunction ...................................................................................3

    B.    Plaintiff Fails to Carry His Burden of Offering Proof ................................5

    C.    Plaintiff Fails to Seek Appropriate Relief.....................................................5

II.    PLAINTIFF FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS
ON THE MERITS ................................................................................................6

    A.    Plaintiff Lacks Standing....................................................................6

    B.    Plaintiff Fails to Establish a Prima Facie Case of Personal
Jurisdiction Over Defendants.................................................................8

    C.    Plaintiff Has No Likelihood of Success Given that the Amended
Complaint Fails to State a Claim Upon Which Relief Can Be
Granted....................................................................................8

III.    PLAINTIFF FAILS TO ESTABLISH IRREPARABLE HARM ........................13

IV.    PLAINTIFF FAILS TO ESTABLISH THE REMAINING
REQUIREMENTS FOR A PRELIMINARY INJUNCTION..............................14

    A.    The Balance of the Hardships Does Not Favor Injunctive Relief .............14

    B.    The Proposed Injunction Would Be Adverse to the Public Interest ..........14

V.    PLAINTIFF'S *PRO SE* STATUS DOES NOT EXCUSE HIS FAILURES.........15

VI.    THE COURT NEED NOT HOLD A HEARING ON PLAINTIFF'S
MOTION.............................................................................................16

CONCLUSION....................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Charters, Inc. v. Bronson*,
  591 F. Supp. 2d 1272 (S.D. Fla. 2008) ..................................................................... 4

*Alabama v. U.S. Army Corps of Engineers*,
  424 F.3d 1117 (11th Cir. 2005) ............................................................................... 8

*All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*,
  887 F.2d 1535 (11th Cir. 1989) ............................................................................... 3

*Ambrosia Coal & Constr. Co. v. Morales*,
  482 F.3d 1309 (11th Cir. 2007) ............................................................................. 11

*Andela v. Univ. of Miami*,
  692 F. Supp. 2d 1356 (S.D. Fla. 2010) ............................................................... 9, 10

*Aquatherm Indus., Inc. v. Fla. Power & Light Co.*,
  971 F. Supp. 1419 (M.D. Fla. 1997) ........................................................................ 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 7, 10

*Beck v. Lazard Freres & Co.*,
  175 F.3d 913 (11th Cir. 1999) ............................................................................... 13

*Bradley v. Pittsburgh Bd. of Educ.*,
  910 F.2d 1172 (3d Cir. 1990) ................................................................................ 16

*Brady v. HSBC Bank, USA, N.A.*,
  No. 14-CV-1329, 2014 WL 12575761 (N.D. Ga. May 5, 2014) ................................ 6

*Cendan v. Trujillo*,
  No. 16-CV-21775, 2017 WL 11422141 (S.D. Fla. July 28, 2017) ............................ 5

*Cisneros v. Petland, Inc.*,
  972 F.3d 1204 (11th Cir. 2020) ............................................................................. 10

*Clarke v. PNC Bank*,
  No. 21-CV-60852, 2021 WL 1647886 (S.D. Fla. Apr. 27, 2021) ............................ 15

*CNW Corp. v. Japonica Partners, L.P.*,
  776 F. Supp. 864 (D. Del. 1990) ............................................................................. 3

*Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*,
   304 F.3d 1167 (11th Cir. 2002) ............................................................................ 3

*Echols v. R.J. Reynolds Tobacco Co.*,
   No. 13-CV-14215, 2014 WL 12199984 (S.D. Fla. Feb. 18, 2014) ........................ 11

*Fla. Panthers Hockey Club, Inc. v. Miami Sports & Exhibition Auth.*,
   939 F. Supp. 855 (S.D. Fla. 1996) ...................................................................... 3

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
   344 F.3d 1263 (11th Cir. 2003) ........................................................................... 7

*Garcia-Lawson v. U.S. Auto. Ass'n*,
   No. 08-CV-80901, 2008 WL 3850681 (S.D. Fla. Aug. 14, 2008) ........................ 13

*George v. Comm'r of Soc. Sec.*,
   828 F. App'x 699 (11th Cir. 2020) ..................................................................... 16

*George v. Kijakazi*,
   No. 20-1764, 2021 WL 4507842 (U.S. Oct. 4, 2021)............................................ 16

*George v. Snyder*,
   847 F. App'x 544 (11th Cir. 2021) ..................................................................... 15

*In re George*,
   58 A.D.3d 267 (2d Dep't 2008) ......................................................................... 15

*GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*,
   788 F.3d 1318 (11th Cir. 2015) ........................................................................... 3

*United States v. Grinnell Corp.*,
   384 U.S. 563 (1966)................................................................................... 9, 10

*United States v. Hasson*,
   333 F.3d 1264 (11th Cir. 2003) ......................................................................... 12

*Humble Oil & Refining Company v. Harang*,
   262 F. Supp. 39 (E.D. La. 1966)......................................................................... 14

*Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*,
   812 F.2d 786 (2d Cir. 1987)................................................................................. 9

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*,
   299 F.3d 1242 (11th Cir. 2002) ........................................................................... 6

*Kaimowitz v. Orlando, Fla.*,
   122 F.3d 41 (11th Cir.) ............................................................................. 5

*Klay v. United Healthgroup, Inc.*,
   376 F.3d 1092 (11th Cir. 2004) ................................................................. 8

*Lane v. Capital Acquisitions & Mgmt. Co.*,
   No. 04-CV-60602, 2006 WL 4590705 (S.D. Fla. Apr. 14, 2006) ........................................... 11

*LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC*,
   No. 15-11792, 2016 WL 6471201 (11th Cir. May 26, 2016) ................................................. 13

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................ 6, 7

*McDonald's Corp. v. Robertson*,
   147 F.3d 1301 (11th Cir. 1998) ......................................................... 3, 4, 14

*McGee v. George*,
   No. 352362, 2020 WL 7310955 (Mich. Ct. App. Dec. 10, 2020) ............................................ 4

*United States v. Microsoft Corp.*,
   147 F.3d 935 (D.C. Cir. 1998) ...................................................................... 5

*Muransky v. Godiva Chocolatier, Inc.*,
   979 F.3d 917 (11th Cir. 2020) ..................................................................... 6

*Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*,
   No. 10-CV-1777, 2011 WL 381612 (E.D.N.Y. Feb. 2, 2011) ................................................ 5

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*,
   896 F.2d 1283 (11th Cir. 1990) ..................................................................... 4

*Olsen v. Lane*,
   832 F. Supp. 1525 (M.D. Fla. 1993) ............................................................... 15

*Palm Beach County Envt'l Coalition v. Florida*,
   651 F. Supp. 2d 1328 (S.D. Fla. 2009) ............................................................ 11

*Parker v. HSBC Mortg. Servs., Inc.*,
   No. 13-CV-00682, 2013 WL 12123751 (N.D. Ga. July 12, 2013) ........................................ 15

*Patterson v. Aiken*,
   111 F.R.D. 354 (N.D. Ga. 1986) ................................................................... 15

iv

*Perdomo v. HSBC Bank USA*,
  No. 13-CV-22645, 2013 WL 12101097 (S.D. Fla. Nov. 13, 2013) ...................................... 4, 5

*Perry Ellis Int'l, Inc. v. URI Corp.*,
  No. 06-CV-22020, 2007 WL 712389 (S.D. Fla. Mar. 7, 2007)................................................ 8

*Phazzer Elecs., Inc. v. Protective Sols., Inc.*,
  No. 615-CV-348, 2016 WL 3543638 (M.D. Fla. June 29, 2016)............................................ 8

*In re Potash*,
  No. 3-93-197, 1994 WL 1108312 (D. Minn. Dec. 5, 1994) ................................................... 14

*Preisler v. Eastpoint Recovery Grp., Inc.*,
  No. 20-CV-62268, 2021 WL 2110794 (S.D. Fla. May 25, 2021) ............................................ 7

*Ramones v. Experian Info. Sols., LLC*,
  No. 19-CV-62949, 2021 WL 4050874 (S.D. Fla. Sept. 4, 2021) ............................................ 6

*Rogers v. Nacchio*,
  241 F. App'x 602 (11th Cir. 2007) ................................................................................. 11, 12

*S.E.C. v. Mgmt. Dynamics, Inc.*,
  515 F.2d 801 (2d Cir. 1975)............................................................................................... 3

*S.E.C. v. Unique Fin. Concepts, Inc.*,
  196 F.3d 1195 (11th Cir. 1999) .......................................................................................... 2

*Scheall v. Nicaea Acad., Inc.*,
  No. 2:14-CV-653, 2015 WL 4478475 (M.D. Fla. July 22, 2015) ......................................... 16

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)........................................................................................................ 6

*Tancogne v. Tomjai Enterprises Corp.*,
  408 F. Supp. 2d 1237 (S.D. Fla. 2005) .............................................................................. 14

*Tops Mkts., Inc. v. Quality Mkts., Inc.*,
  142 F.3d 90 (2d Cir. 1998).................................................................................................. 9

*Touchston v. McDermott*,
  120 F. Supp. 2d 1055 (M.D. Fla.)........................................................................................ 5

*Tsao v. Captiva MVP Rest. Partners, LLC*,
  986 F.3d 1332 (11th Cir. 2021) ........................................................................................... 7

*U.S. Anchor Mfg., Inc. v. Rule Indus., Inc.*,
  7 F.3d 986 (11th Cir. 1993) ........................................................................ 9

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) .................................................................. 8

*Uppal v. Wells Fargo Bank*,
  No. 15-CV-68, 2015 WL 12765539 (M.D. Fla. Mar. 26, 2015) ................ 15

*W. Sur. Co. v. Merkury Corp.*,
  No. 12-CV-22938, 2012 WL 12864937 (S.D. Fla. Oct. 17, 2012) ............ 5

*Waters v. Cafesjian Fam. Found., Inc.*,
  No. 12-CV-648, 2012 WL 2904806 (D. Minn. June 27, 2012) ................. 14

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
  792 F.3d 1313 (11th Cir. 2015) .................................................................. 11

*Winser v. Locke*,
  No. 11-CV-1283, 2011 WL 6019933 (M.D. Fla. Dec. 2, 2011) ................ 6

*Yeh Ho v. Wells Fargo Bank, N.A.*,
  No. 15-CV-81522, 2019 WL 2061101 (S.D. Fla. May 9, 2019) ................ 15

**Statutes and Rules**

18 U.S.C. § 471 ................................................................................................ 12

18 U.S.C. § 1343 .............................................................................................. 12

18 U.S.C. § 8 .................................................................................................... 12

18 U.S.C. § 1962 .............................................................................................. 7

Fed. R. Civ. P. 9(b) ......................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ................................................................................... 8

Fed. R. Civ. P. 65(a)(1) ................................................................................... 2

Fla. Stat § 48.193(1)(a)-(2) ............................................................................ 8

Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC respectfully submit this memorandum of law in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 10).

## PRELIMINARY STATEMENT

Over the last several months, social media has been filled with anonymous posts parroting baseless conspiracy theories about manipulating the stock price of GameStop Corporation, Inc. (GME) and AMC Entertainment Holdings, Inc. (AMC) through "ladder attacks," "fabricated naked shorts," and "counterfeit synthetic shares." In this action, *pro se* Plaintiff Donnahue George tries to breathe life into these myths, alleging in his Amended Complaint that a varied group of financial institutions, regulators, and government entities conspired to manipulate these stocks and that the purported conspiracy violates not only the antitrust laws, but is also an ongoing criminal enterprise subject to civil RICO liability. (*See generally* Amended Complaint, ECF No. 8.) Plaintiff also seeks extraordinary relief—a mandatory preliminary injunction—based on these objectively groundless allegations.

Plaintiff's Motion for Preliminary Injunction ("PI Motion") should be summarily denied. To begin with, the PI Motion relies on an inapplicable legal standard. Plaintiff seeks relief under a two-factor test reserved for injunctions brought by the Securities & Exchange Commission ("SEC"). Plaintiff's use of this standard is inexplicable: Plaintiff does not allege that he somehow stands in place of the SEC and has not brought a securities action. To the contrary, Plaintiff names the SEC itself as a Defendant. In relying on an incorrect legal standard, Plaintiff does not even attempt to apply—let alone establish—the well-known four-factor test for a private plaintiff seeking a preliminary injunction, and thus fails to meet his burden of persuasion or put Defendants on notice of the purported grounds for relief.

The Court should not excuse these failures as a result of Plaintiff's *pro se* status given that he is no ordinary *pro se* litigant. Plaintiff—a former attorney—has legal training and practiced law before being disbarred, and has burdened courts with meritless litigation in recent years. Already this month the United States Supreme Court has denied Plaintiff's writs of certiorari in two unsuccessful actions Plaintiff originated in this District.

In any event, even if his deficient pleading is somehow excused, under no circumstances could Plaintiff meet any—let alone all—of the requirements for the extraordinary remedy of preliminary injunctive relief. First, Plaintiff fails to establish a substantial likelihood of

success on the merits: the Amended Complaint is subject to dismissal for several independent reasons, including because Plaintiff does not have Article III standing, fails to establish a *prima facie* case of personal jurisdiction, and fails to state a claim upon which relief can be granted. Second, Plaintiff never even attempts to articulate irreparable harm, and the sole injury purportedly identified—"monetary losses"—reinforces that injunctive relief is inappropriate.  Third, Plaintiff articulates no threatened injury, nor does he meet his burden of showing that the injunction would not be adverse to the public interest.  For these reasons, and those set forth below, the PI Motion should be denied in its entirety, without a hearing.

## BACKGROUND

Plaintiff commenced this action with the filing of the Complaint on August 17, 2021.  (ECF No. 1.)  On September 7, 2021, Plaintiff filed the Amended Complaint ("Complaint," ECF No. 8), and instant PI Motion.  The next day, the Court *sua sponte* stayed briefing on the PI Motion pursuant to the notice requirement of Federal Rule of Civil Procedure 65(a)(1), concluding that there was an insufficient basis for the Court to determine whether Defendants were on notice of the PI Motion.  (ECF No. 12.)  On September 30, 2021, following certain Defendants' appearance or waiver of service, the Court set a briefing schedule on the PI Motion for the Defendants that had appeared or filed a waiver of service.  (*See* ECF No. 21.)

In the PI Motion, Plaintiff asserts that under the two-factor standard pursuant to which the Securities & Exchange Commission alone may seek injunctive relief, he has established "(1) a prima facie case of previous violations of federal securities law and (2) a reasonable likelihood that the wrong will be repeated."  (PI Mot. at 5[1] (citing *S.E.C. v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999)).)  Applying this inapplicable framework, Plaintiff claims that he is entitled to a preliminary injunction "barring [D]efendants from destroying any documents whether paper or electronic related to AMC and GME shares," and "barring defendants from continuing trading AMC and GME shares in the Dark Pools until a correct share count is done and verified by this [H]onorable [C]ourt."  (PI Mot. at 2.)  The PI Motion includes a six-page memorandum of law that repeats, often verbatim, the cursory allegations and ill-defined theories of the Complaint.  Neither the Complaint nor the PI Motion is verified, and the only materials submitted in support of the PI Motion are print outs of webpages, screenshots from a mobile phone,

---

[1]  Because the PI Motion does not include page numbers, citations to the PI Motion refer to the page number in the electronically-generated CM/ECF header on the document.

and a copy of a Letter of Acceptance between Defendants Citadel Securities LLC and FINRA. (*Id.* at 3-8, 10-28.)

## LEGAL STANDARD

"A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *see also GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015) ("A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief."). "If the movant fails to prove one of the four elements, an injunction should not issue." *Fla. Panthers Hockey Club, Inc. v. Miami Sports & Exhibition Auth.*, 939 F. Supp. 855, 858 (S.D. Fla. 1996) (Moore, J.), *aff'd sub nom. Fla. Panthers v. City of Miami*, 116 F.3d 1492 (11th Cir. 1997).

## ARGUMENT

### I.     PLAINTIFF FAILS TO MEET HIS BURDEN TO OBTAIN A PRELIMINARY INJUNCTION

#### A.     Plaintiff Relies on an Inapplicable Standard for a Preliminary Injunction

Instead of relying on the long-established four-part preliminary injunction standard applicable to private litigants, *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 n.1 (11th Cir. 2002), Plaintiff erroneously relies on a two-part test reserved for cases where the Securities & Exchange Commission seeks to preliminarily enjoin violations of the securities laws pursuant to statute, *see S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975) ("Unlike private actions, which are rooted wholly in the equity jurisdiction of the federal court, SEC suits for injunctions are 'creatures of statute.'"). This standard is categorically inapplicable to the PI Motion. *See, e.g.*, *CNW Corp. v. Japonica Partners, L.P.*, 776 F. Supp. 864, 868 n.2 (D. Del. 1990) ("The SEC standard does not apply to private plaintiffs."); *Mgmt. Dynamics*, 515 F.2d at 808 (comparing the distinct legal requirements of private injunction suits

and SEC suits for injunctions).  Plaintiff is obviously not the SEC, nor does he contend that he is acting on behalf of the SEC.  To the contrary, he has named the SEC as a Defendant.  (*See generally*, Compl.)  Nor does the Complaint contain a cause of action arising under the securities laws.  (*Id.*)  Plaintiff's application of the incorrect legal standard is itself cause for denial of the PI Motion.

Plaintiff fails to apply—let alone meet his burden of persuasion as to—any of the four actual requirements for the drastic remedy of preliminary injunctive relief.  *See McDonald's Corp.*, 147 F.3d at 1306.  Plaintiff does not even attempt to demonstrate that his claims have a substantial likelihood of success on the merits, the "most important" factor guiding a court's preliminary injunction inquiry.  *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).  Nor does Plaintiff discuss irreparable harm, "the *sine qua non* of injunctive relief."  *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal quotation marks omitted).  For these reasons, even if all of Plaintiff's outlandish allegations were true—and they are not—the PI Motion would still fail, because Plaintiff's assertions are offered in support of a legal standard to which Plaintiff has no conceivable (or articulated) entitlement as a private plaintiff.

Plaintiff's only glancing reference to the applicable standard is a single sentence, in which Plaintiff paraphrases the four preliminary injunction requirements and concludes in cursory fashion that he satisfies them before proceeding to argue at length under an inapposite standard reserved for the SEC.  (*See* PI Mot. at 3.)  Even a *pro se* plaintiff "cannot merely restate the elements, or rashly assume the equities fall on their side with only conclusory statements in support."  *Perdomo v. HSBC Bank USA*, No. 13-CV-22645, 2013 WL 12101097, at *1 (S.D. Fla. Nov. 13, 2013) (denying *pro se* plaintiffs' motion for preliminary injunction for "lack of substantiation or analysis"); *McGee v. Donnahue George*, No. 352362, 2020 WL 7310955, at *5 (Mich. Ct. App. Dec. 10, 2020) (even a *pro se* party "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims; nor may he give issues cursory treatment with little or no citation of supporting authority" (quotation marks and citation omitted)), *appeal denied*, 957 N.W. 2d 802 (Mich. 2021).

In addition, Plaintiff's failure to apply the elements of a preliminary injunction does not afford Defendants sufficient notice of the purported grounds for the PI Motion, and Defendants therefore have not been afforded a meaningful opportunity to respond to it.  *United States v.*

*Microsoft Corp.*, 147 F.3d 935, 944 (D.C. Cir. 1998) ("The purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction.").

> **B.      Plaintiff Fails to Carry His Burden of Offering Proof**

"To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings." *W. Sur. Co. v. Merkury Corp.*, No. 12-CV-22938, 2012 WL 12864937, at *3 n.7 (S.D. Fla. Oct. 17, 2012) (internal quotation marks omitted) (denying preliminary injunction where plaintiff's single declaration failed to mention, let alone describe, irreparable injury), *report and recommendation adopted*, No. 12-CV-22938, 2012 WL 12865231 (S.D. Fla. Oct. 18, 2012). Here, the PI Motion relies on only the unverified, incoherent allegations in the Complaint and "exhibits" that contain irrelevant information printed from web blogs and a legal document unrelated to the allegations or requested relief. *See Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10-CV-1777, 2011 WL 381612, at *5 (E.D.N.Y. Feb. 2, 2011) (affording "no weight" to printout from website because movant provided no "explanation or affirmation as to its evidentiary value or admissibility"). Plaintiff has not provided any sworn statements nor has he asserted that his allegations are made based on his personal knowledge. *Cf. Touchston v. McDermott*, 120 F. Supp. 2d 1055, 1059 (M.D. Fla.) (even when an affidavit is filed, if "the primary evidence introduced is . . . made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction"), *aff'd*, 234 F.3d 1133 (11th Cir. 2000). The lack of such substantiation "precludes the need for a response from Defendants" as to Plaintiff's factual allegations, "as it is the [plaintiff's] burden to establish [its] entitlement to [an] equitable remedy in the first instance." *Perdomo*, 2013 WL 12101097, at *1.

> **C.      Plaintiff Fails to Seek Appropriate Relief**

The PI Motion should be denied also because the relief sought is not "of the same character as that which may be granted finally." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); *see also Cendan v. Trujillo*, No. 16-CV-21775, 2017 WL 11422141, at *1 (S.D. Fla. July 28, 2017) ("[T]he injunctive relief sought must be closely related to the conduct raised in the complaint."), *report and recommendation adopted*, No. 16-CV-21775, 2018 WL 9540027 (S.D. Fla. Jan. 17, 2018). Plaintiff requests injunctive relief far beyond, and unrelated to, the claims presented in the

Complaint.  For example, nowhere in the Complaint does Plaintiff allege that Defendants may destroy documents, yet the PI Motion requests that the Court "bar[] [D]efendants from destroying any documents whether paper or electronic related to AMC and GME shares."  (PI Mot. at 2.) Further, Plaintiff's demand that "a correct share count is done and verified by this [H]onorable [C]ourt" is not a cognizable remedy for an antitrust or civil RICO claim.  (*Id.*)

## II.   PLAINTIFF FAILS TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff fails to even argue that he has established a substantial likelihood of success on the merits (and, for the reasons below, he cannot), giving the Court an independent basis to deny the PI Motion.  *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) ("If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief.").

### A.   Plaintiff Lacks Standing

Plaintiff does not have Article III standing.  "Standing is the *sine qua non* of federal courts—federal courts only have jurisdiction where there is a 'case' or 'controversy' within the meaning of Article III."  *Ramones v. Experian Info. Sols., LLC*, No. 19-CV-62949, 2021 WL 4050874, at *1 (S.D. Fla. Sept. 4, 2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).  Standing requires a plaintiff to establish that s/he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "A plaintiff's failure to establish one of the three elements of Article III standing deprives federal courts of jurisdiction to hear the plaintiff's suit."  *Winser v. Locke*, No. 11-CV-1283, 2011 WL 6019933, at *8 (M.D. Fla. Dec. 2, 2011) (dismissing with prejudice *pro se* plaintiff's complaint for lack of standing).  Plaintiff's lack of standing is reason to deny the PI Motion.  *See Brady v. HSBC Bank, USA, N.A.*, No. 14-CV-1329, 2014 WL 12575761, at *2 (N.D. Ga. May 5, 2014) ("Because [plaintiff] lacks standing to bring his claims, he has not shown a substantial likelihood of success on the merits of those claims.  Accordingly, he is not entitled to injunctive relief.").

First, Plaintiff does not establish injury-in-fact because the Complaint does not contain "general factual allegations of injury" that "plausibly and clearly allege a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).  With respect to the purported conspiracy to manipulate the market, Plaintiff alleges that Defendants "participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of myself

6

and other retail investors." (*Id.* ¶ 2.)   But the Complaint contains no allegations, plausible or otherwise, explaining what this supposed "detriment" to Plaintiff was, or what form it purportedly took.   Nor does Plaintiff allege any specific transaction(s) that generated supposed losses or a connection between the "price of stocks" and such losses.   Plaintiff, in fact, does not even allege that he owned the stocks that were purportedly manipulated (or, for that matter, any stocks whatsoever), how this supposed market manipulation affected him, or any other concrete injury he purportedly suffered as a result of Defendants' purported action.

Plaintiff elsewhere alleges that "Defendants committed substantive Rico Violations per 18 USC Section 1962 resulting in the plaintiff Donnahue George losing money and the Injury occurred because of the Defendants [sic] substantive RICO violations." (Compl. ¶ 3.)   The Complaint contains no allegations whatsoever about how Plaintiff purportedly lost money, and cursory allegations of "losing money," without more, are insufficient as a matter of law to establish injury.   *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021) ("[C]onclusory allegations of injury are not enough to confer standing").   Simply put, the Complaint contains no meaningful articulation of Plaintiff's injury, let alone one that is plausibly and clearly alleged.

Second, Plaintiff does not establish traceability.   A plaintiff must show "a causal connection between the injury and the conduct complained of." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003).   The "injury must result from the conduct of defendant—and not 'some third party'" or independent event. *Preisler v. Eastpoint Recovery Grp., Inc.*, No. 20-CV-62268, 2021 WL 2110794, at *6 (S.D. Fla. May 25, 2021) (quoting *Lujan*, 504 U.S. at 560).   Plaintiff fails to demonstrate any connection between the purported conspiracy and his (undefined) injury.   Plaintiff merely cursorily alleges that "[t]he Defendants actions [sic] and the Government agencies inaction [sic] were direct cause [sic] of my monetary losses." (Compl. ¶ 2.)   These are precisely the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail as a matter of law under the federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   Nor could Plaintiff ever show the required connection between the purported conspiracy and his supposed injury, because his allegations regarding the purported conspiracy are objectively groundless.   Without standing, Plaintiff cannot succeed on the merits.

**B.      Plaintiff Fails to Establish a Prima Facie Case of Personal Jurisdiction Over Defendants**

Plaintiff also fails to establish personal jurisdiction over Defendants.  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The closest Plaintiff comes to alleging any jurisdictional facts is listing the various addresses of the Defendants (none of which is in Florida) on the first two pages of the Complaint.  (*See* Compl. at 1-2.)  Plaintiff does not allege that any of the Defendants conducted any business in this state, that Defendants committed a tortious act in this state, that Defendants caused injury to property in this state arising out of acts or omissions outside the state, or that any Defendant is "engaged in substantial and not isolated activity within this state." *See Phazzer Elecs., Inc. v. Protective Sols., Inc.*, No. 615-CV-348, 2016 WL 3543638, at *2 (M.D. Fla. June 29, 2016) (personal jurisdiction must be "appropriate under the state's long-arm statute"); Fla. Stat. § 48.193(1)(a)-(2) (listing bases for personal jurisdiction over nonresident defendants).  Nor does Plaintiff allege that Defendants consented to jurisdiction in this state. *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-CV-22020, 2007 WL 712389, at *4 (S.D. Fla. Mar. 7, 2007) ("[P]ersonal jurisdiction is a waivable right and parties may give express or implied consent to the personal jurisdiction of a court").  Indeed, the Complaint never once references the state of Florida, explains where Defendants' alleged conduct purportedly took place, or describes where Plaintiff's purported "losses" were suffered.  (*See generally*, Compl.)  Because Plaintiff has not made out a prima facie case of personal jurisdiction, Plaintiff has not established a substantial likelihood of success on the merits.

**C.      Plaintiff Has No Likelihood of Success Given that the Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim).'" (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004))).

### 1.    Plaintiff Fails to Plead a Violation of the Antitrust Laws

Although Plaintiff alleges generally a "direct violation of the . . . Sherman Act 1890[,] Clayton Act 1940 [and] Federal Trade Commission [A]ct of 1914," the only antitrust cause of action in the Complaint is a Section 2 monopolization claim.  (*See* Compl. ¶¶ 32-35.)  A claim under Section 2 of the Sherman Act has two elements:  "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident."  *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).  To state a claim for a violation of the Sherman Act, a Plaintiff must also allege injury to competition.  *See Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1375 (S.D. Fla. 2010) (Moore, J.) ("Antitrust laws were enacted to protect competition, not individual competitors and, therefore, an injury suffered only by an individual competitor may not constitute an antitrust injury."), *aff'd in relevant part*, 461 F. App'x 832 (11th Cir. 2012).

First, Plaintiff fails to meet his burden of alleging a relevant market.  *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 971 F. Supp. 1419, 1426 (M.D. Fla. 1997) ("Essential to either a § 2 monopolization or attempted monopolization claim is the defining of the relevant market, which is the antitrust plaintiff's burden."), *aff'd*, 145 F.3d 1258 (11th Cir. 1998).  Although the Complaint refers variously to the "Market," "market," and "markets," Plaintiff makes no attempt to define or otherwise explain the relevant market.  This is fatal to Plaintiff's Section 2 claim, including because without defining a relevant market, a plaintiff cannot allege that a defendant has monopoly power in that market.  *See U.S. Anchor Mfg., Inc. v. Rule Indus., Inc.*, 7 F.3d 986, 994 (11th Cir. 1993) ("Defining the market is a necessary step in any analysis of market power and thus an indispensable element in the consideration of any monopolization or attempt case arising under section 2."), *certified question answered*, 264 Ga. 295 (Ga. 1994).

Second, Plaintiff fails to allege monopoly power.  Monopoly power "may be [alleged through] evidence of the control of prices or the exclusion of competition, or it may be inferred from one firm's large percentage share of the relevant market."  *Tops Mkts., Inc. v. Quality Mkts., Inc*, 142 F.3d 90, 98 (2d Cir. 1998).  The Complaint contains no plausible (or coherent) allegations regarding evidence of the control of prices or the exclusion of competition.  Nor does the Complaint contain any allegations of market share, allegations which are "essential" in the calculation of monopoly power.  *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*, 812 F.2d 786, 792

(2d Cir. 1987).  Instead, the Complaint cursorily alleges that "[t]he Defendants Ken Griffin Citadel LLC The Hedge Fund and Citadel Securities the Market Maker along with Citadel Connect The unregistered Dark pool have a unfair monopoly on the market [sic]."  (Compl. ¶ 35.)  These allegations are no more than impermissible "labels and conclusions."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 550).

Third, even if Plaintiff had alleged a relevant market and that any of the Defendants possessed monopoly power in that market, his Section 2 claim would still be subject to dismissal for failure to allege "willful acquisition or maintenance of monopoly power."  *Grinnell*, 384 U.S. at 570-71.  Plaintiff alleges only that "[t]he unprecedented growth of Citadel and its [b]usiness acumen meets all the requirements for a violation of the Sherman [A]ct."  (Compl. ¶ 34).  By acknowledging that "Citadel's" growth resulted from "business acumen"—not the "willful acquisition" of power—these cursory allegations further establish that Plaintiff fails to allege a Section 2 violation.  *See Grinnell*, 384 U.S. at 570-71 (an antitrust plaintiff must show willful acquisition of power "*as distinguished from* growth or . . . business acumen" (emphasis added)).  As willful acquisition or maintenance of monopoly power is "the essence of [a Section 2] offense," Plaintiff fails to state a claim upon which relief can be granted as to his claims under the Sherman Act.

Finally, Plaintiff's antitrust claim also fails because he does not plead injury to competition, instead alleging merely that "Defendants Violation [sic] of the antitrust losses [sic] contributed to Plaintiff Donnahue George continuing to lose money."  (Compl. ¶ 35.)  Failure to allege injury to competition is an independent reason to dismiss a claim under the Sherman Act. *See Andela*, 692 F. Supp. 2d at 1378 ("[Plaintiff] cannot allege any injury to competition generally. He merely alleges his own personal grievance.  Accordingly, [plaintiff's Sherman Act claim] is dismissed with prejudice.").  As Plaintiff fails to state a claim under the Sherman Act, he has not established a substantial likelihood of success on the merits.

### 2.      Plaintiff Fails to Plead a Violation of the Civil RICO Act

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff."  *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020).  "[T]o survive a motion to dismiss, a plaintiff must allege facts

sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007). A plaintiff must also plead that the predicate acts "pose a threat of continued criminal activity." *Palm Beach County Envt'l Coalition v. Florida*, 651 F. Supp. 2d 1328, 1350 (S.D. Fla. 2009).

Civil RICO claims must be pled with an increased level of specificity because "they are essentially a certain breed of fraud claims." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (citing Fed. R. Civ. P. 9(b)). Accordingly, Plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendant obtained as a consequence of the fraud." *Echols v. R.J. Reynolds Tobacco Co.*, No. 13-CV-14215, 2014 WL 12199984, at *4 (S.D. Fla. Feb. 18, 2014) (Moore, J.). The Complaint does not contain any particularized allegations whatsoever (much less the required who, what, when, where, why allegations for fraud claims), and Plaintiff's civil RICO claims therefore cannot succeed. Plaintiff's sole description of the purported acts of fraud is that "[t]he Defendants committed wire fraud by electronically sending fake counterfeit shares they knew did not exist through my Webull and Robinhood account electronically" and that "[t]he Defendants committed counterfeiting by fabricating and counterfeiting fake synthetic shares and selling them into the market." (Compl. ¶ 17.) This gibberish falls far short of the heightened pleading requirements for civil RICO claims.

Plaintiff also improperly "lumps together all of the defendants in [his] allegations of fraud,"—for example, alleging that "[t]he Defendants committed wire fraud" (*id.*) without ever identifying which of the ten Defendants purportedly committed this serious crime. This is an independent basis to reject his civil RICO claims, *see Ambrosia Coal*, 482 F.3d at 1317, and the Complaint generally, *see Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-CV-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minimum standard of Rule 8. As such, the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable.); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (a complaint

must give each defendant "adequate notice of the claims against them and the grounds upon which each claim rests").

Plaintiff also fails to allege any of the elements of any predicate act. "[T]o survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Rogers*, 241 F. App'x at 607. The elements of wire fraud under 18 U.S.C. § 1343 are (1) intentional participation in a scheme to defraud and (2) use of the interstate wires in furtherance of the scheme. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). "A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts, reasonably calculated to deceive persons of ordinary prudence." *Id.* at 1270-71 (internal citations omitted). Here, as discussed above with respect to his deficient Rule 9(b) pleading, Plaintiff identifies no material misrepresentation. Nor has Plaintiff established use of the interstate wires in furtherance of the purported scheme. Although construing the Complaint most charitably, Plaintiff alleges that "Defendants" "wired the stocks," Plaintiff never claims that this "wire" was in furtherance of the alleged scheme or even that it was an interstate wire. (Compl. ¶ 3.)

The counterfeiting statute, 18 U.S.C. § 471, provides that "Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States [shall be guilty of an offense against the United States]." 18 U.S.C. § 471. As an initial matter, Plaintiff fails to allege any "intent to defraud" by the unspecified Defendants alleged to have engaged in this "counterfeiting." (*See* Compl. ¶ 17.) Moreover, the products that Plaintiff alleges were counterfeited—GME and AMC shares—are not an "obligation or other security of the United States." 18 U.S.C. § 471. The term "obligation or other security of the United States" includes such instruments as "national bank currency," "United States notes," "bills, checks, or drafts for money, drawn by or upon authorized officers of the United States," and "stamps and other representatives of value, of whatever denomination, issued under any Act of Congress." 18 U.S.C. § 8. By no plausible measure does this definition encompass shares of stock in a publicly-traded company, which are issued by the company—not the United States. Nor, of course, does Plaintiff attempt to explain how the purportedly counterfeited private securities fall within the counterfeiting statute.

Because Plaintiff fails to allege with particularity any of the elements of a civil RICO claim, Plaintiff has not established a substantial likelihood of success as to that claim.

### 3.   Plaintiff Fails to Plead a Breach of Contract

To state a valid cause of action for breach of contract, a plaintiff must establish three elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). First, Plaintiff fails to allege the existence of a valid contract. As the Complaint makes clear, Plaintiff's claim does not refer to an actual, valid contract, but rather a figurative contract: he alleges that "[t]he SEC[,] FINRA[,] CFTC and DTCC had a Contract with the American people to insure an open and fair market." (Compl. ¶ 9.) Second, Plaintiff alleges merely that Defendants "breached the contract by turning a blind eye to the irregularities and illegal acts in the market." (*Id.* ¶ 1.) Plaintiff does not explain how these purported acts breached this alleged contract. As Plaintiff does not allege the existence of a valid contract or the breach thereof, he has not established a substantial likelihood of success on the merits as to his breach of contract claim.

### III.   PLAINTIFF FAILS TO ESTABLISH IRREPARABLE HARM

The PI Motion never identifies the supposed irreparable harm necessary to justify the drastic relief of a preliminary injunction. Indeed, the only harm identified at all in the PI Motion is a cursory assertion that Defendants' purported actions resulted in Plaintiff's "monetary losses." (PI Mot. at 4.) Even if Plaintiff's baseless allegations regarding his supposed injury were true—and they are not—monetary losses are precisely the type of injury redressable through a legal, rather than equitable, remedy, confirming that Plaintiff is not entitled to injunctive relief. *See Garcia-Lawson v. U.S. Auto. Ass'n*, No. 08-CV-80901, 2008 WL 3850681, at *1 (S.D. Fla. Aug. 14, 2008) ("The fact that Plaintiff believes that monetary damages can compensate her for the harm caused by Defendant militates against a finding of irreparable harm at this juncture."); *see also LaTele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 15-11792, 2016 WL 6471201, at *5 (11th Cir. May 26, 2016) ("[S]elf-serving assertions unsupported by concrete facts are insufficient to establish irreparable harm.").

Plaintiff fails also to connect the ill-founded allegations in his Complaint to the purported need for an injunction. First, as explained above, Plaintiff has not established any harm that he has suffered as a result of the purported conspiracy (much less an irreparable one). Nor does Plaintiff explain how a mandatory injunction "barring defendants from continuing trading AMC and GME shares in the Dark Pools until a correct share count is done and verified by this [H]onorable [C]ourt" (PI Mot. at 2) would remedy any injury.

13

Second, with regard to Plaintiff's request to enjoin document destruction, Plaintiff has not even alleged that Defendants are destroying documents relevant to this dispute (nor are they), and Plaintiff fails to demonstrate a "real danger that acts to be enjoined will occur," *Humble Oil & Refining Company v. Harang*, 262 F. Supp. 39, 43 (E.D. La. 1966), by submitting "evidence either though affidavits or other evidence demonstrating that Defendants are likely to destroy documents," *Waters v. Cafesjian Fam. Found., Inc.*, No. 12-CV-648, 2012 WL 2904806, at *2 (D. Minn. June 27, 2012) (internal citation omitted), *report and recommendation adopted*, No. 12-CV-648, 2012 WL 2906573 (D. Minn. July 16, 2012).  Given the common law and Federal Rules of Civil Procedure governing document retention and spoliation, "[t]o further embellish the grave importance of document preservation, through an administratively demanding mechanism, seems inordinate, at best." *In re Potash*, No. 3-93-197, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994) (citation omitted) (internal quotation marks omitted).  Plaintiff has failed to establish irreparable harm.

## IV.   PLAINTIFF FAILS TO ESTABLISH THE REMAINING REQUIREMENTS FOR A PRELIMINARY INJUNCTION

### A.   The Balance of the Hardships Does Not Favor Injunctive Relief

Plaintiff has failed to meet his burden of articulating how the balance of the hardships favors an injunction.  The mandatory injunction Plaintiff seeks would restrict the trading of securities for GME and AMC, thus harming Citadel Securities LLC, the business of which is to provide liquidity to the market and serve as a market maker by executing orders in those securities.  This factor favors denial of the PI Motion.

### B.   The Proposed Injunction Would Be Adverse to the Public Interest

A preliminary injunction may be granted if it "would not be adverse to the public interest." *McDonald's Corp.*, 147 F.3d at 1306.  Plaintiff fails to articulate how the proposed injunction would further the public interest.  Nor can he: a halt on the execution of trades would limit liquidity in the market, including substantively and adversely impacting retail investors whose brokers rely on the ability of Citadel Securities LLC to fill and execute retail orders in GME and AMC.[2]

---

[2]   Although the Court has "the discretion to issue a preliminary injunction without requiring Plaintiffs to give security," Plaintiff here does not even address the issue of a bond. *Tancogne v. Tomjai Enterprises Corp.*, 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005).

## V.    PLAINTIFF'S *PRO SE* STATUS DOES NOT EXCUSE HIS FAILURES

Although a court may generally afford a *pro se* plaintiff some leniency, this "does not excuse a plaintiff from making the showing required to obtain injunctive relief." *Parker v. HSBC Mortg. Servs., Inc.*, No. 13-CV-00682, 2013 WL 12123751, at *1 (N.D. Ga. July 12, 2013) (denying *pro se* plaintiffs' request for preliminary injunctive relief); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) (a "*pro se* litigant must still meet minimal pleading standards"). Where, as here, a motion for preliminary injunction is "perfunctory and comprises only bare legal conclusions unsupported by fact," the motion should be denied, regardless of the movant's *pro se* status. *Uppal v. Wells Fargo Bank*, No. 15-CV-68, 2015 WL 12765539, at *1 (M.D. Fla. Mar. 26, 2015); *accord Parker*, 2013 WL 12123751, at *1 (denying motion for preliminary injunction where, as here, *pro se* plaintiffs failed to "set forth any basis for the [c]ourt to grant such relief").

The Court should not excuse Plaintiff's failure to meet his burden of persuasion. First, Plaintiff was an attorney before being disbarred.[3]  *See Clarke v. PNC Bank*, No. 21-CV-60852, 2021 WL 1647886, at *1 (S.D. Fla. Apr. 27, 2021) (the "general rule" that a *pro se* party's pleadings should be liberally construed is "attenuated" when that party has "formal training and considerable experience in the law" (internal quotation marks omitted)); *see also Yeh Ho v. Wells Fargo Bank, N.A.,* No. 15-CV-81522, 2019 WL 2061101, at *2 (S.D. Fla. May 9, 2019) ("Courts show leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education."). Even putting aside this legal training, a *pro se* party is charged with a duty to avoid frivolous legal arguments and to conduct a "reasonable inquiry into the law," including "to find clearly settled law which goes directly against them." *Patterson v. Aiken*, 111 F.R.D. 354, 357 (N.D. Ga. 1986) (citing Fed. R. Civ. P. 11), *aff'd*, 841 F.2d 386 (11th Cir. 1988). Here, even a minimal inquiry into the law should have alerted Plaintiff—a repeat litigant who has brought other meritless lawsuits in this District—to the proper legal standard for a private preliminary injunction motion.[4]

---

[3]    *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.").

[4]    Plaintiff has commenced at least two other actions in the Southern District of Florida, each of which was dismissed or otherwise rejected, affirmed by the Eleventh Circuit, and resulted in a denial of certiorari by the U.S. Supreme Court. *See George v. Snyder*, 847 F. App'x 544 (11th Cir. 2021), *cert. denied,* No. 20-1585, 2021 WL 4507711 (U.S. Oct. 4, 2021); *George v. Comm'r of*

## VI.     THE COURT NEED NOT HOLD A HEARING ON PLAINTIFF'S MOTION

The Court has reserved decision about whether it will hold a hearing on the PI Motion. (*See* ECF No. 21.)  Here, the Court need not hold a hearing, as Plaintiff fails to satisfy any of the requirements for the issuance of a preliminary injunction. *See Scheall v. Nicaea Acad., Inc.*, No. 2:14-CV-653, 2015 WL 4478475, at *1, *3 (M.D. Fla. July 22, 2015) (finding that a hearing was unnecessary and denying plaintiff's motion for preliminary injunction where plaintiff "failed to clearly establish the burden of persuasion for each prong of the analysis"); *see also Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) ("Obviously, a hearing would not be necessary if the movant is proceeding on a legal theory which cannot be sustained, because then there could be no showing of a likelihood of success on the merits.").

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction should be denied without a hearing.

---

*Soc. Sec.*, 828 F. App'x 699 (11th Cir. 2020), *cert. denied sub nom. George v. Kijakazi*, No. 20-1764, 2021 WL 4507842 (U.S. Oct. 4, 2021).

Dated:  October 14, 2021

Respectfully submitted,

By: */s/ Jason Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (561) 213-5635
Email: jasonsternberg@quinnemanuel.com
Secondary:  olgagarcia@quinnemanuel.com


*Counsel for Defendants Ken Griffin, Citadel*
*Enterprise Americas LLC, and Citadel Securities*
*LLC*

17

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: */s/ Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com

**SERVICE LIST**

All counsel of record, via ECF

Plaintiff Donnahue George, via ECF and certified mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se

18