UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61719-MOORE/SNOW

DONNAHUE GEORGE,

        Plaintiff,

v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

        Defendants.
_____/

## DEFENDANT ROBINHOOD FINANCIAL LLC'S CORRECTED OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant Robinhood Financial LLC ("Robinhood") respectfully submits this Memorandum in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 10) ("PI Motion").[1]

Plaintiff's vague and conspiratorial allegations in the Amended Complaint (and repeated in the PI Motion) demonstrate a fundamental misunderstanding of Robinhood's business relationship with Citadel Securities LLC.  The crux of Plaintiff's claim appears to be that "Citadel Connect acts as a private Dark Pool," and Defendants supposedly "[p]ush[ed] retail orders through the dark pools in order to manipulate the price of AMC and GME shares."  (ECF No. 10 at 3-4.) Plaintiff alleges a vast conspiracy, involving the Securities and Exchange Commission ("SEC"),

---

[1] Robinhood filed an identical version of this Memorandum on October 14, 2021 (ECF No. 35). Pursuant to the Clerk's Notice to Filer (ECF No. 39), Robinhood filed a Notice of Striking ECF No. 35 (ECF No. 40).

the Financial Industry Regulatory Authority ("FINRA"), the Commodity Futures Trading Commission ("CFTC"), the Depository Trust & Clearing Corporation ("DTCC") and others. In fact, Robinhood is a broker-dealer, which operates an online trading platform with commission-free trades. As Robinhood discloses in its public filings, Robinhood customers' trade orders (including for AMC and GME stock) may be routed for execution to market makers including Citadel Securities LLC. Robinhood is not involved in operating any "dark pools." Plaintiff has not provided—and cannot provide—any evidence to support his claim that Robinhood's common and accepted business practice of routing trades to market makers constitutes "manipulat[ive]" or "[c]onspir[atorial]" behavior. (ECF No. 10 at 3.) Plaintiff's request for a preliminary injunction against Robinhood lacks any support and should be rejected.

## LEGAL STANDARD

In order to succeed on a motion for preliminary injunction, "the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015). A "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotations and citation omitted).

## ARGUMENT

Plaintiff's Amended Complaint and PI Motion are perplexing and difficult to understand. However, one thing is clear: Plaintiff fails to make the showing necessary to meet the exacting standard for preliminary injunctive relief. For all of the reasons discussed in Ken

Griffin, Citadel Enterprise Americas LLC and Citadel Securities LLC's (together, "the Citadel Defendants'") Opposition to Plaintiff's Motion for Preliminary Injunction, Plaintiff has failed to meet any of these requirements as to any Defendant. (ECF No. 32.) Robinhood submits this brief to set forth additional reasons that Plaintiff has failed to demonstrate he is entitled to preliminary injunctive relief as to Robinhood.

*First*, Plaintiff is unlikely to succeed on the merits. Plaintiff asserts a single cause of action against Robinhood—a civil RICO claim. A civil RICO claim requires: "that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). Civil RICO claims must be pleaded with an increased level of specificity because they "are essentially a certain breed of fraud claims." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *see also Jannuzzo v. Glock, Inc.*, 721 F. App'x 880, 884 (11th Cir. 2018) (specifying that civil RICO claims must be pleaded pursuant to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)). Plaintiff does not meet this exacting standard. The PI Motion refers to Robinhood only twice, asserting: (1) that Robinhood and the other Defendants "have created an Enterprise and Conspired and participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of [Plaintiff] and other retail investors" and (2) that the Defendants "sen[t] electronic wire to plaintiff alleging they wired the stocks and derivatives through WEbull and Robinhood that Plaintiff purchased when in reality they wired nothing". (ECF No. 10 at 3-4.) The first of these statements is wholly conclusory, and the second is nonsensical (as stocks and derivative securities are not sent by electronic wire).

For the reasons that the Citadel Defendants explain in their Opposition, Plaintiff has not stated—and cannot state—a claim under RICO based on wire fraud, including against Robinhood. (ECF No. 32 at 10-12.) Indeed, to support his wire fraud-based claim, Plaintiff lacks any non-conclusory allegations that Robinhood did anything other than engage in routine transactions with other participants in the securities markets. Plaintiff provides no support for his wild assertion that Defendants "electronically sen[t] fake counterfeit shares" to him through his Robinhood account. (ECF No. 8 ¶ 17.) To the extent Plaintiff contends Robinhood is liable under RICO for engaging in a conspiratorial "enterprise" involving "dark pool[s]," Plaintiff's allegations are similarly conclusory and lack any factual allegations suggesting any illegal conduct by Robinhood related to dark pools. (*Id.* ¶ 18.) Plaintiff has no likelihood of success on these conclusory allegations. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (dismissing a RICO conspiracy claim where the allegations regarding the alleged conspiratorial agreement were merely "formulaic recitations" of a conspiracy claim).

Moreover, Plaintiff has failed to show any "injury to the business or property of the plaintiff," as required for a RICO claim. *Cisneros*, 972 F.3d at 1211. Tellingly, Plaintiff does not allege that he lost money as a result of placing stock purchase orders for AMC stock on Robinhood's platform, nor does he allege that he purchased GME stock on Robinhood's platform at all. Therefore, Plaintiff is unlikely to succeed on the merits of his underlying claim against Robinhood, and his PI Motion must be denied.

*Second*, Plaintiff further fails to show that "irreparable injury would result if no injunction were issued." *Siegel*, 234 F.3d at 1175. The Complaint and PI Motion lack any specific allegation regarding *how* Plaintiff has been damaged by any of the alleged conduct of which he complains, or that any injury is imminent. Plaintiff states merely that the Defendants "have created

an Enterprise and Conspired and participated in conduct that manipulated the Market and controlled the prices of stocks, to the detriment of [Plaintiff] and other retail investors" and that "[t]he Defendants actions and the Government agencies inaction were direct cause of [his] monetary losses." (ECF No. 8 ¶ 2; *see also* ECF No. 10 at 3-4.) Neither of these vague assertions is sufficient to demonstrate how Plaintiff has been harmed, and they are certainly insufficient to suggest that he would suffer irreparable harm in the absence of the relief he requests.

Moreover, the injunctive relief that Plaintiff seeks is entirely inapplicable to Robinhood. Plaintiff asks for a preliminary injunction "barring defendants from destroying any documents whether written or electronic related to AMC and GME shares and barring Defendants from trading AMC and GME shares through the dark pools." (ECF No. 10 at 8.) Plaintiff has not made any showing that Robinhood has destroyed or intends to destroy any documents relevant to Plaintiff's claims, or that Robinhood trades either AMC or GME through any purported "dark pools." Therefore a preliminary injunction against Robinhood for this relief is unwarranted.[2]

For these reasons, Robinhood respectfully submits that this Court should deny Plaintiff's Motion for Preliminary Injunction.

---

[2] Robinhood notes that Plaintiff signed Robinhood's Customer Agreement, which among other things contains an arbitration agreement in which Plaintiff agreed to binding arbitration as the final forum for all claims arising from or related to the Customer Agreement. Robinhood reserves the right to enforce its binding arbitration agreement should Plaintiff's claims proceed.

| | |
|---|---|
| Dated:  October 15, 2021 | */s/ Samuel A. Danon* |

**HUNTON ANDREWS KURTH LLP**
Samuel A. Danon (FBN 892671)
Gustavo Javier Membiela (FBN 513555)
María Castellanos Alvarado (FBN 116545)
333 S.E. 2nd Avenue, Suite 2400
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
sdanon@huntonak.com
gmembiela@huntonak.com
mcastellanos@hunton.com

**CRAVATH, SWAINE & MOORE LLP**
Antony L. Ryan (*pro hac vice* pending)
Kevin J. Orsini (*pro hac vice* pending)
Brittany L. Sukiennik (*pro hac vice* pending)
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Counsel for Defendant Robinhood Financial LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  October 15, 2021                                    /s/ Samuel A. Danon
                                                            Samuel A. Danon (FBN 892671)


## SERVICE LIST

All counsel of record, via ECF

Plaintiff Donnahue George, via regular mail and certified mail
1012 NW 2nd Street
Fort Lauderdale, FL 33311
donnahuegeorge@gmail.com
Pro Se