UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-61719-KMM

DONNAHUE GEORGE           REQUEST TO REOPEN CASE

    Plaintiff

v.

KEN GRIFFIN

CITADEL SECURITIES MARKET MAKER

CITADEL CONNECT DARK POOL

CITADEL LLC HEDGE FUND

SECURITIES EXCHANGE COMMISSION

FINRA

CFTC

DTCC

ROBINHOOD

WEBULL

    Defendants



FILED BY _____ D.C.
NOV - 2 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLAINTIFFS REQUEST TO REOPEN CASE AND TO FILE AN AMENDED COMPLAINT AND RECONSIDERATION OF JUDGES DECISION TO DISMISS PLAINTIFFS CASE PURSUANT TO Fed. R.Civ.P.6(b)(l)(B) IF THE PARTY ACTED BECAUSE OF EXCUSABLE NEGLECT AND RULE Fed.R.Civ.P.60(b)(1) PROVIDES FOR A PARTY TO OBTAIN RELIEF FOR AN ADVERSE JUDGEMENT OF A FEDERAL COURT FOR MISTAKE, INADEVERTANCE SURPRISE OR EXCUSABLE NEGLECT

Plaintiff Donnahue George requests that this honorable court reopen my case

and allow me to amend my complaint and reverse the dismissal pursuant to

Fed.R.Civ.P.6(b)(l)(B) if the party acted because of excusable neglect and rule

Fed.R.Civ.P.60(b)(l) Provides for a party to obtain relief for an adverse judgement of a federal court for mistake, inadvertence surprise or excusable neglect.

## INTRODUCTION

1. Plaintiff Donnahue George had no idea there was a deadline to file his amended complaint. Plaintiff Donnahue George was surprised when he was emailed a motion from defendant explaining that he missed a deadline that he was never made aware of. Donnahue George is at a distinct disadvantage because he does not have access to the Judges orders on the day they are announced. The Defendants attorneys are able to see the judge orders the day they are released but Plaintiff Donnahue George cannot. Plaintiff Donnahue George goes on Pacer every other day to look for updates on the case but because the orders are electronic Plaintiff Donnahue George cannot see the orders until they are mailed to him or he is able to get to the courthouse. As of today November 1, 2021 Plaintiff Donnahue George has still not received a copy of any of these orders in the mail.

## AFFADAVIT IN SUPPORT OF MOTION TO REOPEN CASE AND ALLOWPLAINTIFF TO AMEND HIS COMPLAINT

2. Plaintiff Donnahue George had no idea there was a deadline to file his amended complaint. Plaintiff Donnahue George is at a distinct disadvantage because he does not have access to the judges orders on the day they are announced. The Defendants attorneys are able to see the judge orders the day they are released but Plaintiff Donnahue George cannot. Plaintiff Donnahue George goes on pacer every other day to look for updates on the case but because the orders are electronic Plaintiff Donnahue George cannot see the orders until they are mailed

to him or he is able to get to the courthouse. As of today November 1, 2021 Plaintiff Donnahue George has still not received a copy of any of these orders in the mail.

3. Plaintiff Donnahue George had to go to Dominican Republic to pick up his dad who is 81 years old and Plaintiff Donnahue George is solely responsible to take his dad to the doctor and arrange all of his dads medications and appointments. This is another reason why Plaintiff Donnahue George was unable to get down to the courthouse and get a copy of the courts order.

4. Plaintiff Donnahue George already had the amended complaint typed and ready to be delivered to the courts and served on all the defendants. Had Plaintiff Donnahue George been aware of the deadline Plaintiff Donnahue George would have filed the amended complaint with the court and properly served the defendants.

5. The defendants would not be burdened by this honorable court reopening the case and allowing Plaintiff Donnahue George to file the amended complaint. A majority of the defendants have answered the complaint and are already familiar with the case. Plaintiff Donnahue George would be unduly burdened by having to pay new court fees plus pay additional process servers to serve the defendants if he is forced to file another Summons and Complaint.

## **LEGAL ARGUMENT**

1. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11th Cir 2018}* The court has the authority to open back up my case and give me sufficient time as the court deems appropriate to amend my complaint to the courts satisfaction.

2. Under Rule 60(b). Fed.R.Civ.P,60(c)(l) There is a strict deadline of one year in which to file this motion in the regards of the entry of Judgements. The Judgement of Dismissal was signed on October 29, 2021 so this motion falls within the 1 year window as required by statute.

3. The courts have held that 4 factors should be considered when determining what constitutes excusable neglect. 1) whether the delay infiling was within the reasonable control of the movant 2) The length of delay and the delays potential impact on judicial proceedings 3) The danger of prejudice to the moving party 4) Whether the movant acted ingood faith.

4. In regards to 1) the movant was never made aware that there was a deadline to file the amended complaint and as of today November 1, 2021 Plaintiff Donnahue George still has not received a copy of the order setting the October 22, 2021 deadline nor has he received the judgement for dismissal. The movant was in a state of shock when he went on Pacer on Friday October 29, 2021 and saw that the case was closed without giving Plaintiff due process as guaranteed by the constitution that the Plaintiff Donnahue George fought to uphold as a United States Marine and now a disabled veteran.

In regards to 2) The length of delay is only 3 days and if this court grants the plaintiffs motion to amend his complaint then there will be absolutely no impact on the judicial proceedings In regards to 3) There is no danger of prejudice to the non-moving party because they have been properly served and will be given the same amount of time to answer the complaint as if the complaint was newly filed. In regards to 4) The Plaintiff acted in good faith and had the Plaintiff Donnahue George been aware of the deadline he would have submitted the amended complaint to the court.

5. The courts have held that the purpose of the excusable neglect doctrine is to prevent victories by default *(see Newgen. LLC v. Safe Cig LLC 840 F.3d 606, 616 (9th Cir 2016)* observing that the general rule is that default judgments are ordinarily disfavored. It is a oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities *(SeeRodriquez v Village Green Realty LLC, 788 F.3d 31, 47(2d Cir 2015} an in Cargill inc. v Sears Petroleum and Transport Corp. 334 F Supp 2d 197.247 (NDNY 2014)* the courts held that there is a strong preference for solving disputes on the merits.

Date November 1, 2021

Donnahue George

**Wherefore** Plaintiff Donnahue George requests that this Honorable court reopen my case and give plaintiff Donnahue George an opportunity to file an amended complaint that meets this honorable courts satisfaction.

November 1, 2021

Donnahue George

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion to reopen case was served by U.S. Mail on November 2, 2021 to all counsel or parties of record on the Service List

*Donnahue George*

## SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005