...



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 21-cv-61719-KMM

**DONNAHUE GEORGE**                                  **MOTION IN**

                                                      **OPPOSITION**

    Plaintiff

v.

**KEN GRIFFIN**

**CITADEL SECURITIES MARKET MAKER**

**CITADEL CONNECT DARK POOL**

**CITADEL LLC HEDGE FUND**

**FINRA**

**CFTC**

**DTCC**

**ROBINHOOD**

**WEBULL**

    Defendants

**PLAINTIFFS MOTION IN OPPOSITION OF THE DEFENDANTS REFUSAL TO PARTICIPATE IN SUBMITTING JOINT SCHEDULNG REPORT AS PER THIS COURTS ORDER #51 AND #5 AND PERSUANT FEDERAL RULES OF CIVIL PROCEDURE 26. DUTY TO DISCLOSE AND FED RULES OF CIVIL PROCEDUR 37. FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY SANCTIONS**

## INTRODUCTION

Plaintiff Donnahue George contacted all represented defendants attorneys by U.S. mail and by email informing them of the courts order that we all meet in order to prepare the joint scheduling report as per the courts order #5 and #53. Plaintiff Donnahue George prepared a preliminary Joint scheduling report (see Exhibit A) and emailed it to all the defendants so that they could review it and so that all the defendants would be on the same page. It was Plaintiff Donnahue George hope that the Defendants would review the proposed Joint scheduling report and then when we had the conference scheduled for November 12, 2021 at 1300 we could go over the proposed and make the necessary adjustments so that we could submit it to the court the following Monday November 15, 2021.

The only Defendants attorney who responded to my email and regular mail request was Attorney Jason Sternberg the attorney for defendants Ken Griffin, Citadel Securities and Citadel LLC. He informed plaintiff Donnahue George in an email that a joint phone call was going to be held on November 12, 2021 at 1300 but he had already spoken to the other defendants attorneys and that they were refusing to participate in the joint scheduling report because all defendants were not served. I explained to Jason Sternberg that explanation to refuse to follow the courts order

made no logical sense to me. Plaintiff Donnahue George also found it really strange that Jason Sternberg had the authority to speak for all the defendants.

Plaintiff Donnahue George called into the Zoom number that was provided by Attorney Jason Sternberg at 1255 on November 12, 2021. The Attorneys that were present on the Zoom call were Jason Sternberg for Ken Griffin, Citadel LLC and Citadel Securities, Attorney David Mandel for FNRA, Attorney Greg Boyle for DTCC and Gustavo Membiela for Robinhood. When all the Attorneys were on the Zoom call they informed Plaintiff Donnahue George that they were refusing to follow the courts order until all defendants were served. I explained to them that that made no logical sense to me and that I was going to be substantially prejudiced by their refusal to follow the courts order. I told the time was of the essence and that the Joint scheduling report had to be done. They then informed Plaintiff Donnahue George that the unserved defendants would be prejudiced if they completed the joint scheduling report. Plaintiff Donnahue George then explained to all the attorneys that we could submit the Joint scheduling report and then when the other defendants were served they could file a motion to have the joint scheduling report amended if the timeframe did not match their schedule. The attorneys informed Plaintiff Donnahue George that they were refusing to cooperate and follow the courts order and were adamant that they not going to assist in preparing the Joint scheduling report. Plaintiff Donnahue George then informed all

the attorneys that they were in violation of the courts order and that I would be filing that information with the courts on Monday November 15, 2021. Plaintiff Donnahue George then sent an email to all defendant attorneys(See Exhibit B) explaining in them in writing what I was going to do and also explained to them that I felt that their actions violated Fed, Rules of Civil procedures (26) and that they could be held liable under Fed. Rules of Civil procedures (37).

The Defendants have a distinct advantage because by delaying the scheduling conference they are delaying the decision on the preliminary injunction, which will cause plaintiff Donnahue George irrevocable harm and this also will give the defendants more time to possibly manipulate the data in regards to AMC and GME records

## LEGAL ARGUMENT

1. Rule 16(b)(2) Time to issue scheduling order. The Judge must issue the scheduling order as soon as practicable but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served or 60 days after a defendant has appeared. The attorneys for Citadel securities did not appear until 09/28/ 2021 so according to Rule 16(b)(2) 60 days from 09/28/2021 is 11/27/2021

2. Defendants have no legal argument to disobey the courts order #5 and #53 requiring them to participate in preparing the joint scheduling report. The only purpose their refusal to follow the courts order serve is to further prejudice the Plaintiff Donnahue George. The longer the defendants take to participate in preparing the joint scheduling report the more losses Plaintiff Donnahue George incurs because the Preliminary injunction has been denied as Moot and the Defendants continue to trade AMC and GME shares through the dark pools further manipulating the price of the stocks and clouding the true and accurate share count of AMC and GME shares

3. Fed. Rules of Civil procedures (37) gives the court the authority to obligate the defendants to follow the courts order to participate in preparing the joint scheduling report and if the Defendants still refuse to follow the courts orders Rule (37) gives the court the authority to impose extreme sanctions to the defendants for non compliance of the courts order. In *Epson Corp v. Kravchuk et al. 18-15124 &18-15245 (9th Cir, Dec 27, 2019)* the courts issued the serverest sanction possible because the parties refused to follow the courts orders.

4. The SEC was served on November 10, 2021 (See exhibit C) The United States Courts are fair and transparent unlike the United States stock market. So Plaintiff Donnahue George is confident that if the attorneys for the SEC

filed a motion to have the courts adjust the Joint scheduling order to give them an opportunity to come up to speed the Courts would approve the adjustment and Plaintiff Donnahue George would not object to any adjustment to the current Joint Scheduling report that plaintiff prepared for the courts. The risk of any prejudice to any unserved defendant is absolutely zero, so the illogical argument that the defendants ae using to defy the courts order is absolutely ridiculous.

5. A district court has unquestionable authority to control its own docket and broad discretion in how best to manage cases before it *See Guice v Sec,y, Dep't of Labor 754 F. App x 789, 791, (11th Cir 2018}* The court has the authority to order the defendants to participate in the preparation of the joint scheduling report.

## **CONCLUSION**

Plaintiff Donnahue George requests that this honorable court order reopen the case and order all the parties to hold another conference within the next 7 days or accept the current joint scheduling report that was submitted by Plaintiff Donnahue George, and that this honorable court put the Preliminary Injunction back on the courts calendar so that a hearing can be scheduled so Plaintiff and Defendants can

present their arguments to the court and whatever else this honorable court find fair and equitable

Respectfully requested

Date November 14, 2021                                             Donnahue George

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-61719-KMM

DONNAHUE GEORGE

    Plaintiff

v.

KEN GRIFFIN et al

**JOINT PROPOSED SCHEDULING REPORT**

Plaintiff Donnahue George has not met with any defendants Pursuant to Rule 16.1(b) of the local rules of the Southern District of Florida (S.D. Fla. L.R.) and the courts order dated 8/18.2021 Parties have not met because Defendants have not responded to Plaintiff Donnahue George request for conference by U.S. postal mail and by email.

**Information required by S.D. Fla. L.R. 16. 1(B)**
    (A) **Likelihood of Settlement**
        Defendants view Plaintiff allegations as wholly unfounded and without evidentiary support and have refused to participate in a conference to prepare the joint Scheduling report. Settlement is therefore unlikely at this time. But Plaintiff Donnahue George will attempt in good faith to meet with defemdants to resolve this matter and will notify the court if they do so

    (B) **Likelihood of Appearance in the Action of Additional Parties**
        It is likely that as the discovery process progress that other parties might appear in this action

    (C) **Discovery Schedule**. The parties propose the following pre-trial discovery schedule, which is based on the standard case management track pursuant pursuant to S.D. Fla, L.R. 16.1.A.2

| Date | Action |
|---|---|
| 14 days after denial of defendants motion to dismiss | initial disclosures pursuant to to Rule 26(a)(1)(A) |
| May 11, 2022 | Deadline for joinder of additional parties |
| May 11, 2022 | Fact Discovery cut off |
| June 7, 2022 | Exchange of expert reports |
| June 15, 2022 | Exchange of witness lists |
| July 9, 2022 | Exchange of Expert Rebuttal Reports |
| August 16, 2022 | Expert Discovery Cut off |

| | |
|---|---|
| September 30, 2022 | Last day to file Summary Judgment |
| November 28, 2022 | Last day to complete mediation |
| December 22, 2022 | Deadline for pretrial motions |
| January 15, 2023 | Deadline for Joint Pretrial Stipulation |
| January 24, 2023 | Deadline for Resolution of Pretrial Motions |
| January 24, 2023 | Pretrial Conference |
| February 7, 2023 | Deadline proposed Jury instructions |
| February 14, 2023 | Deadline for filing of Deposition Designations |
| February 21, 2023 | Trial |

(D) Proposals for the formulation and simplification of issues. At this time, the parties do not have any proposals for the formulation and simplification of issues. As the case progresses, the parties will if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

(E) Necessity of Amendment to pleadings. An Amendment to Plaintiffs Complaint may be necessary depending on the outcome of the Defendants motion to dismiss. Defendants have not filed motions to dismiss as of this date

(F) Admissions and Stipulations which will avoid unnecessary Proof. The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

(G) Suggestions for the Avoidance of unnecessary proof and presentation of cumulative evidence at trial

(H) Referral pf Matters to a Magistrate Judge. The Plaintiff does not consent to trial by a magistrate judge, nor to the disposition od dispositive pre-trial motions by a magistrate Judge.

(I) Preliminary estimate of the time required for Trial. Plaintiff believes this trial will last 2 weeks

(J) Pretrial Conference and Trial Dates The Plaintiff request that the pretrial conference be scheduled for January 24, 2023 and the trial to commence on or after February 21, 2023

(K) Other information Helpful to the Court in setting the Case for Status or Pretrial Conference. At this time the Plaintiff is unaware of any other information that might be helpful to the court in setting the case for pretrial conference other than the fact that the defendants have refused to contact me regarding this Joint scheduling order

Respectfully Submitted

Donnahue George(*pro se*)
Donnahuegeorge@gmail.com
1012 NW 2nd st
Fort Lauderdale FL 33311
Tel: 347-216-5257
*Plaintiff*

 donnahue george <donnahuegeorge@gmail.com>

## Donnahue George V Ken Griffin et al 21-cv-61719

**donnahue george** <donnahuegeorge@gmail.com>    Mon, Nov 8, 6:23 PM
To: Jason Sternberg <jasonsternberg@quinnemanuel.com>, <dsm@mandel.law>, <gboyle@jenner.com>, <gmembiela@huntonak.com>, <aryan@caravath.com>

Good evening,
I have mailed all the defendants requesting that they contact me so that we can go over the Joint Scheduling report that has been requested by the judge. As of today November 8, 2021 No one has contacted me. The judge said that defendants had until November 10, 2021 to contact me to prepare the report .If no defendants contact me I will just submit a joint scheduling report to the courts with just my information on it. I am available everyday at 347 216-5257 or can be reached at this email address
Respectfully
[Quoted text hidden]

EXHIBIT B

## AFFIDAVIT OF PROCESS SERVER

### United States District Court Southern District Of Florida

| | |
|---|---|
| **DONNAHUE GEORGE** | Attorney: NONE |
| Plaintiff(s), | Donnahue George |
| VS. | 1012 NW 2nd St |
| | Fort Lauderdale FL 33311 |
| **KEN GRIFFIN, ET AL** |  |
| Defendant(s). | *271035* |

Case Number: 21-cv-61719-KMM

Legal documents received by Same Day Process Service, Inc. on **10/27/2021** at **9:40 AM** to be served upon **SECURITIES EXCHANGE COMMISSION, at 100 F St., NE, Washington, DC, 20549**

I, **Brandon Snesko**, swear and affirm that on **November 10, 2021** at **9:10 AM**, I did the following:

Served **SECURITIES EXCHANGE COMMISSION, a government agency** by delivering a conformed copy of this **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION; EXHIBITS A THROUGH F; PROOF OF SERVICE; SUMMONS IN A CIVIL ACTION (ISSUED ON 08/17/21); AMENDED COMPLAINT JURY TRIAL DEMAND; CERTIFICATE OF SERVICE** to Alvarado Travis as Authorized Agent at 100 F St., NE , Washington, DC 20549 of the government agency and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Male Age: 30 Height: 5ft0in-5ft4in Weight: 161-200 lbs Skin Color: Hispanic Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

District of Columbia
Signed and sworn to (or affirmed) before me
on 11-10-2021 by Brandon Snesko
Signature of Notarial Officer
Title of Office: Notary
My commission expires: 9-30-2026

[Notary Seal: Carolyn L. Elam, Notary Public, District of Columbia, My Commission Expires 9/30/2026]

Brandon Snesko
Process Server
Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

Internal Job ID:271035



EXHIBIT C

11/14/21, 11:42 AM
Case 0:21-cv-61719-KMM   Document 59   Entered on FLSD Docket 11/15/2021   Page 15 of 16
Confrence call Nov 12 2021 - donnahuegeorge@gmail.com

**donnahue george** <donnahuegeorge@gmail.com>
to Jason, aunikowsky, dsm, gmembiela

Nov 12, 2021, 1:25 PM (2 days ago)

Good afternoon
I appreciate the 4 of you meeting me today in the Confrence call at 1pm I am disappointed that you all hold the position that You will not participate in the joint scheduling report until all the parties are served.
That makes no logical sense to me and I am being irrevocably harmed by the delay. The court order Ed that the report had to be completed in order for the lawsuit to move forward
I believe that your refusal to participate in the discovery process is a violation of federal rules of Evidence 37 I will be filling an appropriate motion with the court Monday and the court will dictate how we move forward
Regards
Donnahue George

**Jason Sternberg**
to me, aunikowsky@jenner.com, dsm@mandel.law, gmembiela@huntonak.com

Nov 13, 2021, 12:10 PM (23 hours ago)

Dear Mr. George,

As discussed on yesterday's call—and consistent with the Court's Pretrial Order—a scheduling conference should involve all of the parties, and the Served Defendants are willing to meet and confer with you regarding a scheduling conference within seven days after you finalize service on the remaining named defendants. Holding a scheduling conference at this time would prejudice the Served Defendants by forcing them to negotiate the scheduling report piecemeal, and prejudice the non-present defendants (the SEC, which you claim you served but was not represented at the meeting, along with the defendants you have not yet served) through the negotiation of deadlines (including for dispositive motions) without their participation or awareness.

As you said yesterday that you served the SEC and are in the process of serving the remaining defendants, there is no reason that a scheduling conference cannot occur in short order.

Regards,

**Jason Sternberg**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
Phone: 561.213.5635
jasonsternberg@quinnemanuel.com
www.quinnemanuel.com

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion to accept joint scheduling order and to put Preliminary Injunction back on the courts calendar was served by U.S. Mail on November 15, 2021 to all counsel or parties of record on the Service List

Donnahue George

## SERVICE LIST

**SEC**

100 F st NE Washington DC 20549

**Quinn Emmanuel trial Attorneys**

2601 s. Bayshore drive suite 1550 Miami FL 33133

**CITADEL CONNECT DARK POOL**

131 S Dearborn st Chicago IL 60603

**CITADEL LLC HEDGE FUND**

131 S Dearborn st  Chicago IL 60603

**Mandel & Mandel LLP**

169 East Flager st Suite 1224 Miami FL 33131

**DTCC**

55 Water St  New York NY 10041

**Cravath Swaine & Moore LLP**

825 8th ave New York NY 10019

**WEBULL FINANCIAL LLC**

44 Wall st Suite 501 New York NY 10005