UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61719-MOORE/SNOW

DONNAHUE GEORGE,

        Plaintiff,

v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

Defendants.

_____/

**DEFENDANTS KEN GRIFFIN, CITADEL ENTERPRISE
AMERICAS LLC, AND CITADEL SECURITIES LLC'S
OMNIBUS RESPONSE TO PLAINTIFF'S MOTION REGARDING
SCHEDULING CONFERENCE, SCHEDULING REPORT, AND MOTION TO REOPEN**

        Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC (the "Citadel Defendants") respectfully submit this omnibus response to Plaintiff's "Motion in Opposition of the Defendants Refusal to Participate" (ECF No. 59), Motion to Reopen (ECF No. 62) (together, the "Motions"), and "Joint" Scheduling Report (ECF No. 60) ("Scheduling Report").

        Plaintiff's filings on November 15 are the latest in a series of submissions by Plaintiff in this closed case that only exacerbate the procedural quagmire Plaintiff has created through his repeated failure to comply with the orders of this Court. Even though the initial complaint was filed more than 90 days ago, Plaintiff has yet to serve multiple named Defendants (and has failed to move for an extension of time to do so pursuant to the Court's instructions, *see* ECF Nos. 5, 58), thus halting the orderly progression of this case and preventing the parties from holding a scheduling conference with input from all the parties. Nonetheless, on November 12, 2021, the Defendants who have been served to date conferred with Plaintiff to discuss any major

case management issues, and offered to conduct a scheduling conference within seven days of the completion of service on the remaining named Defendants. Rather than agreeing to this sensible approach, Plaintiff filed the instant Motions and Scheduling Report.

Plaintiff's Motions should be denied and his purported Scheduling Report should be rejected. Despite representing to the Court that the Scheduling Report is a joint submission, the submission is in fact a unilateral submission that does not contain the input of the served or unserved Defendants. Second, Defendants have complied with the Court's Pretrial Order, which Defendants reasonably interpret as requiring the involvement of all Parties at the scheduling conference. Third, Defendants have repeatedly offered to hold a scheduling conference within seven days of Plaintiff serving the remaining named Defendants; any delay is a result of Plaintiff's failure to prosecute his case through timely service. Finally, the Court should give no weight to Plaintiff's vague and cursory references to discovery violations—no discovery has occurred and the case remains closed.

## BACKGROUND

On August 17, 2021, the Court issued its Pretrial Order, in which the Court directed the Parties to (i) hold a scheduling conference no later than twenty days after the filing of the first responsive pleading by the last responding defendant, or within sixty days after the filing of the complaint, provided all of the defendants have been served by the deadline, whichever occurs first, and (ii) file a joint scheduling report within ten days of the scheduling conference. (ECF No. 5.) The Court cautioned, "Failure of counsel to file a joint scheduling report within the deadlines … may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs." (*Id.*)

On October 29, 2021, the Court dismissed this action without prejudice for failure to timely file a joint scheduling report. (ECF No. 51.) In the week following dismissal, Plaintiff filed three motions—to reopen (ECF No. 52), to obligate Defendants to contact him (ECF No. 55) and for an extension of time to file a joint scheduling report (ECF No. 56)—along with an untimely second amended complaint (ECF No. 54). The Court denied each of Plaintiff's motions. (*See* ECF Nos. 53, 57, 58.)

In denying Plaintiff's motion for an extension of time, the Court reiterated that its Pretrial Order "requires a plaintiff to move for an extension of time when not all defendants have been served to accommodate a plaintiff's efforts to serve process" and found Plaintiff's motion

without merit because Plaintiff did not seek the extension of time "to serve the remaining Defendants who have yet to be served." (ECF No. 58.) In Plaintiff's motion to obligate Defendants to contact him, Plaintiff asserted that he had written a letter to Defendants—a letter none of the Defendants had received at the time Plaintiff filed the motion—"requesting that they contact him to put together a joint report of proposed scheduling could be prepared for the courts." (ECF No. 55.) The Court denied Plaintiff's motion without prejudice as premature, noting that Plaintiff may refile his motion if Defendants make no attempt to contact him by November 10, 2021. (ECF No. 57.)

On November 10, the Citadel Defendants contacted Plaintiff on behalf of the defendants that had been served or had waived service (in addition to the Citadel Defendants, Robinhood, DTCC, and FINRA, collectively, the "Served Defendants"), stating it would be most efficient to hold the scheduling conference after Plaintiff served the remaining defendants, and that the Served Defendants would participate in a scheduling conference within seven days of service of the remaining named defendants. The Served Defendants offered to meet with Plaintiff on Friday, November 12, to answer any questions regarding the requirements of a joint scheduling report. Plaintiff responded with three emails, including that he would "be submitting the Joint scheduling report after the meeting on Friday."

In response to Plaintiff's emails, the Served Defendants reiterated that they were willing to meet with Plaintiff, and to hold a scheduling conference within seven days of service on the remaining defendants, but that the Parties' meeting on November 12 would not be a scheduling conference, and that any scheduling report Plaintiff filed prior to a scheduling conference would not be a "joint" scheduling report. Plaintiff replied that he would "be filing that preliminary report with the court without your input and will inform the court of your decision." The Served Defendants responded that holding a scheduling conference at this time would prejudice the Served Defendants by forcing them to negotiate the scheduling report piecemeal, and prejudice the non-present Defendants. The Served Defendants reiterated that they would be willing to promptly hold a scheduling conference, and that as Plaintiff said he was in the process of serving the remaining defendants, there is no reason that a scheduling conference could not occur in short order. (*See* ECF No. 59, Ex. C.) On November 15, Plaintiff filed the Motions and Scheduling Report.

3

## MEMORANDUM OF LAW

Plaintiff's motions should be denied for several independent reasons.  First, the Court has already explained that the Parties "may move to reopen this matter upon the Parties filing a joint scheduling report."  (ECF No. 51.)  Here, no joint scheduling report has been filed.  Instead, Plaintiff filed a unilateral scheduling report that is improperly labeled a "joint" scheduling report and that purports to provide Defendants' statements regarding the case.  (*See* ECF No. 60 ("Defendants view Plaintiff allegations [sic] as wholly unfounded…").)  Plaintiff made this filing notwithstanding that Defendants informed Plaintiff that (i) it was premature to file a scheduling report until—consistent with the Court's Pretrial Order—all defendants have been served; (ii) Plaintiff did not have permission to file any scheduling report on behalf of the Defendants;[1] and (iii) any scheduling report submitted prior to a scheduling conference is not a "joint" scheduling report.  Moreover, not all of the Defendants that Plaintiff claims to have served were present at the November 12 conference—Plaintiff told Defendants he had served the Securities & Exchange Commission ("SEC"),[2] yet the SEC was not represented at the meeting.  Further, there is no evidence in the record that WeBull Financial LLC or the CFTC have been served to date.

Second, Defendants have complied with the Court's orders, and Defendants at no time "informed Plaintiff Donnahue George that they were refusing to follow the courts order [sic] and were adamant that they were not going to assist in preparing the Joint scheduling report."  (ECF No. 59 at 3.)  As this Court's Pretrial Order makes clear, the scheduling conference is to involve all Defendants, and "if all defendants have not been served by the expiration of the [deadline to hold a scheduling conference]," Plaintiff was required to "move for an enlargement of time to hold the scheduling conference."  (ECF No. 5.)  In addition, the Court reiterated last

---

[1]  Plaintiff, who practiced law as a member of the New York bar prior to being disbarred in 2008, should be aware that representing to the Court that a scheduling report is jointly submitted violates, among other things, fundamental rules of candor and honesty in dealings with the Court.  *See In re George*, 58 A.D.3d 267, 269 (2d Dep't 2008) ("[E]ffective immediately, the respondent, Donnahue G. George, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.").

[2]  Plaintiff's recently-filed certificate of service as to the SEC (ECF No. 61) appears insufficient to establish service for several reasons, as it attests that a process server delivered copies of the summons and complaint to an SEC office, which alone is insufficient to serve a government agency under Rule 4(i)(2).  *See Ferguson v. Soc. Sec. Admin.*, No. 14-CV-62923, 2015 WL 13683649, at *1 (S.D. Fla. May 21, 2015) (finding insufficient an attempt to serve a government agency through in-person delivery of summons and complaint to agency employee at an agency office).

week that its Pretrial Order "requires a plaintiff to move for an extension of time when not all defendants have been served to accommodate a plaintiff's efforts to serve process" and noted that Plaintiff did not seek an extension "to serve the remaining Defendants who have yet to be served." (ECF No. 58.)[3]  As Plaintiff has not served all of the named Defendants, it would not be consistent with the Court's orders to hold a scheduling conference at this time.[4]

Third, the Served Defendants have repeatedly informed Plaintiff that they will hold a scheduling conference promptly after service of the named Defendants that have not yet been served; any delay is a result of Plaintiff's failure to prosecute his case by serving the Defendants. Despite the Court's entry of the Pretrial Order on August 17, 2021 (*see* ECF No. 5), Plaintiff did not attempt to contact Defendants regarding a scheduling conference until November 2, 2021 (*see* ECF No. 55).  Moreover, and significantly, Plaintiff commenced this action more than 90 days ago, and still has not served all of the named Defendants.  In short, Plaintiff has failed to prosecute his case by serving all of the Defendants, failed to comply with the Court's Pretrial Order by seeking an extension of time to serve the Defendants, and now improperly accuses Defendants of delay.[5]  (ECF No. 59 at 4.)

Finally, Plaintiff suggests that Defendants' "actions violated Fed, Rules of Civil procedures (26) and that they could be liable under Fed. Rules of Civil procedures (37)." Plaintiff has failed entirely to explain how Defendants have violated any Rules, let alone these rules governing discovery (particularly given that no discovery has occurred and the case remains closed).  Accordingly, the Court should give no weight to these cursory and incorrect assertions.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motions.

---

[3]  As Plaintiff never sought such an enlargement of time, it is unclear whether Plaintiff's request to hold a scheduling conference is timely.

[4]  Plaintiff arguments regarding prejudice ignore the prejudice involved in attempting to obtain an *ex parte* preliminary injunction against Defendants he has, inexplicably, still failed to serve.

[5]  In addition to the many unsupported statements in the Motions, Plaintiff has alleged publicly regarding this action that Defendants have "control over the court system." *See* Donnahue George, "Lawsuit Update Citadel influence is everywhere" (Nov. 5, 2021), YouTube, *available at* https://youtu.be/57pYNgsT5BY.

Dated: November 16, 2021

          Respectfully submitted,

          By: */s/ Jason Sternberg*
          Jason D. Sternberg
          Fla. Bar No. 72887
          **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
          2601 South Bayshore Drive, Suite 1550
          Miami, FL 33133
          Telephone: (561) 213-5635
          Email: jasonsternberg@quinnemanuel.com
          Secondary: olgagarcia@quinnemanuel.com

          ***Counsel for Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: */s/ Jason Sternberg*
Jason D. Sternberg (FBN 72887)