UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61719-MOORE/SNOW

DONNAHUE GEORGE,

        Plaintiff,

v.

KEN GRIFFIN, CITADEL SECURITIES
LLC, CITADEL CONNECT, CITADEL
LLC, SECURITIES EXCHANGE
COMMISSION, FINRA, CFTC, DTCC,
ROBINHOOD FINANCIAL LLC, and
WEBULL FINANCIAL LLC,

        Defendants.

_____/

## THE CITADEL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING COURT TO ORDER THE DEFENDANTS TO PARTICIPATE IN PREPARING JOINT SCHEDULING REPORT

Defendants Ken Griffin, Citadel Enterprise Americas LLC (formerly Citadel LLC), and Citadel Securities LLC (the "Citadel Defendants") respectfully submit this response in opposition to Plaintiff's Motion Requesting Court to Order the Defendants to Participate in Preparing Joint Scheduling Report (the "Motion," ECF No. 69). The Motion is yet another attempt by Plaintiff to demand improperly that a subset of Defendants hold a scheduling conference, despite Plaintiff (i) not appearing to have properly served the SEC, and (ii) not including counsel for the SEC in his request for a scheduling conference. Holding a scheduling conference without all parties would be inconsistent with the Court's Pretrial Order, and the Motion should be denied.

On October 29, 2021, this action was dismissed for failure to comply with the Court's Pretrial Order (ECF No. 5), which requires, *inter alia*, Plaintiff to serve all of the Defendants. (*See* ECF No. 64 ("It remains the case that Plaintiff has failed to comply with the Court's Order 5 because not all of Defendants have been served in this case").) As a result of Plaintiff's repeated filings since that time—the instant motion is the twelfth—the Court has entered a number of additional Orders informing Plaintiff why this action was dismissed and the

requirements to properly move for leave to reopen the case. (*See, e.g.*, ECF No. 53 ("[T]his case has been dismissed for failure to file a joint scheduling report"); ECF No. 64 ("Plaintiff's Motion to Reopen Case 62 must be denied because (1) not all of Defendants have been served, and (2) the Joint Scheduling Report filed by Plaintiff was not actually a joint submission").)

The Served Defendants[1] are prepared to conduct a scheduling conference within seven days of the completion of service on the SEC (the only Defendant who has not yet appeared in this matter). However, as the Served Defendants wrote to Plaintiff on November 22, service on the SEC does not appear to have been effected properly, as the affidavit of service (ECF No. 61) attests that a process server delivered copies of the summons and complaint to an SEC office, which alone is insufficient to serve a government agency under Rule 4(i)(2). *See Ferguson v. Soc. Sec. Admin.*, No. 14-CV-62923, 2015 WL 13683649, at *1 (S.D. Fla. May 21, 2015) (finding insufficient an attempt to serve a government agency through in-person delivery of summons and complaint to agency employee at an agency office).[2] In the Served Defendants' email to Plaintiff, the Served Defendants asked Plaintiff whether he had spoken with anyone at the SEC about the SEC's position on his attempt to effect service, and noted that the SEC should be represented at the scheduling conference. In his response, Plaintiff did not state that service on the SEC was proper, ignored the Served Defendants' questions, and refused to address his interactions—or lack thereof—with the SEC. On November 29, the Served Defendants reiterated to Plaintiff via email that he did not appear to have properly served the SEC, and asked that Plaintiff provide the SEC attorney's contact information so that the SEC can participate in the joint scheduling conference, consistent with the Court's orders.[3] Rather than respond meaningfully to this email, Plaintiff filed the instant Motion.

Notably, Plaintiff does not argue in the Motion that he properly served the SEC, and instead asserts that Defendants do "not have standing to contest service to the SEC." (*See generally*, ECF No. 69.) As Plaintiff does not appear to have served all named Defendants, holding a scheduling conference at this time would be inconsistent with the Court's Orders.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

---

[1] The Served Defendants are the Citadel Defendants, Robinhood, DTCC, and FINRA.
[2] Nor has counsel for the SEC appeared in this matter.
[3] (*See* ECF No. 69, Ex. A.)

Dated:  December 1, 2021

    Respectfully submitted,

    By: */s/ Jason Sternberg*
    Jason D. Sternberg
    Fla. Bar No. 72887
    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    2601 South Bayshore Drive, Suite 1550
    Miami, FL 33133
    Telephone: (561) 213-5635
    Email: jasonsternberg@quinnemanuel.com
    Secondary:  olgagarcia@quinnemanuel.com

    ***Counsel for Defendants Ken Griffin, Citadel Enterprise Americas LLC, and Citadel Securities LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Dated:  December 1, 2021          By: */s/ Jason Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com