UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61719-KMM

DONNAHUE GEORGE,

    Plaintiff,

v.

CITADEL SECURITIES MARKET MAKER, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon several[1] Motions to Dismiss. On November 11, 2021, *pro se* Plaintiff Donnahue George ("Plaintiff"), a disbarred lawyer, filed this action alleging breach of contract, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and "Antitrust Laws," generally. *See generally* ("Compl.") (ECF No. 54).

**I.     BACKGROUND**

Plaintiff filed the Complaint against defendants Ken Griffin, Citadel Securities Market Maker, Citadel Connect Dark Pool, Citadel LLC Hedge Fund, Financial Industry Regulatory Authority, Inc., Depository Trust & Clearing Corporation, Robinhood Financial LLC, and

---

[1] On April 12, 2024, Defendant Financial Industry Regulatory Authority, Inc., filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 105). On April 12, 2024, Defendant Depository Trust & Clearing Corporation filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 106). On April 12, 2024, Defendants Citadel Enterprise Americas LLC (formerly Citadel LLC), Citadel Securities LLC, and Ken Griffin, (collectively, the "Citadel Defendants") filed a Motion to Dismiss the Amended Complaint. (ECF No. 107). On April 12, 2024, Defendant Robinhood, LLC, filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 109). Plaintiff has responded to Defendants' Motions to Dismiss. (ECF Nos. 115–119). On April 22, 2024, Defendants Citadel Enterprise Americas LLC (formerly Citadel LLC), Citadel Securities LLC, and Ken Griffin, collectively filed a Reply in support of their Motion to Dismiss. (ECF No. 122). The Motions are now ripe for review.

Reginald Martin (collectively "Defendants").[2]

The Complaint, however, does not clearly allege violations of law, but rather, is a statement of beliefs by Plaintiff's as to his general skepticism and distrust of the government and American financial institutions. Compl. at 18 ("For years the Hedge Funds Market Makers and investment Banks have called us "Dumb Money" while they steal our homes, retirement funds and our children's future while the government turns a blind eye.") Moreover, the Complaint alleges that Defendants are bad actors who "possess Monopoly power" but lacks a basis upon which the Court could grant relief. *See generally* Compl. Furthermore, Plaintiff alleges that the Defendants "monopolistic power" has "contributed to Plaintiff Donnahue George continuing to lose money." *Id.* at 15. In the Complaint, Plaintiff requests that this court "grant Plaintiff actual damages in the amount of $1,700,000.00 for the Defendants illegal actions plus punitive damages in the amount of $100,000,000.00 to punish the defendants and [e]nsure that they do not commit these illegal acts again in the future." *Id.* at 19.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Nevertheless, a complaint must contain enough facts to plausibly allege the required elements.

---

[2] Plaintiff also brought this action against the Securities Exchange Commission, Webull Financial LLC, and CFTC, but the claims against the aforementioned defendants were previously dismissed.

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.  DISCUSSION

Here, this Court finds that dismissal is warranted because the Complaint does not clearly allege any basis for which this Court could grant relief. Plaintiff does not provide sufficient facts which, accepted as true, would allow the court to reasonably infer that defendants are liable for any specific misconduct. *See Iqbal*, 556 U.S. at 678. Instead, Plaintiff illustrates his general contempt and skepticism of the Defendants' practices, without drawing any causal connection between alleged wrongdoing and his injuries. This leaves the Court unable to discern any of Plaintiff's specific claims or when the relevant facts took place. Because Plaintiff's Complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*, dismissal is appropriate.

First, as to Defendant's breach of contract allegations, the Court is persuaded by Defendant Financial Industry Regulatory Authority, Inc's, Motion to Dismiss which argues Plaintiff has failed to allege the existence of a contract between Plaintiff and Defendants. (ECF No. 105 at 8). Second, the Court is persuaded by the Citadel Defendants Motion to Dismiss, which argues that Plaintiff has failed to establish standing. (ECF No. 107 at 7) ("But the Complaint contains no allegations, plausible or otherwise, explaining what this supposed "detriment" to Plaintiff was, or what form it purportedly took. Nor does the Complaint allege any specific transaction(s) that generated supposed losses or a connection between the "price of stocks" and such losses. Plaintiff, in fact, does not even allege that he owned the stocks that were purportedly manipulated"). Finally, this Court finds the Complaint is an impermissible "shotgun" pleading, which impedes the effective administration of justice. *See*

3

*Jackson v. Bank of America*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Beckwith v. Bellsouth Telecomm., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (finding that a "shotgun pleading" is one in which the plaintiff fails "to identify claims with sufficient clarity.").

While this Court previously granted Plaintiff leave to amend his complaint on two separate occasions,[3] the Court now finds dismissal with prejudice is warranted. "A district court can dismiss a *pro se* complaint with prejudice if the complaint cannot possibly be amended or more carefully crafted to state a claim." *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1377 (S.D. Fla. 2010). To date Plaintiff has filed three versions of the Complaint, none of which have provided this Court a basis upon which this Court could grant Plaintiff relief. Accordingly, dismissal with prejudice appropriate.

### IV.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Amended Complaint (ECF No. 54) is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of November 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:   All counsel of record

---

[3] Plaintiff first filed his Complaint on August 17, 2021, Plaintiff first amended his complaint on September 7, 2021, this Court later granted leave to Plaintiff to file a Second Amended Complaint on September 29, 2021, instead of filing a Second Amended Complaint in the designated time Plaintiff renewed his request to file an Amended Complaint on October 15, 2021, this Court granted Plaintiff leave to file an Amended Complaint on October 18, 2021, finally, on November 4, 2021, Plaintiff filed his Second Amended Complaint.