UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED D.C.
FEB 06 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Case No.: 0:21-cv-61719-KMM

DONNAHUE GEORGE,
Plaintiff,

v.

KEN GRIFFIN, et al.,
Defendants.

______________________________/

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiff, DONNAHUE GEORGE, pro se, appeals to the United States Court of Appeals for the Eleventh Circuit from the Order entered on January 16, 2026 (ECF No. 174), denying Plaintiff's Motion for Relief from Final Judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

This appeal presents a narrow but substantial procedural question that has **never been ruled upon or analyzed** by either the District Court or the Court of Appeals: whether **Federal Rule of Civil Procedure 6(b)(1)(B)** imposes a **mandatory requirement** that a court make an express finding of **good cause and excusable neglect** before accepting an untimely motion.

In this case, Defendants filed dispositive motions after the applicable deadline had expired. **No Defendant filed a motion under Rule 6(b)** seeking leave to file out of time. **No showing of good cause or excusable neglect was made**, and **the District Court made no finding—explicit or implicit—satisfying Rule 6(b)(1)(B)** before considering the untimely motions.

Although the Eleventh Circuit previously affirmed dismissal of this action, it **did not analyze, discuss, or decide** whether the District Court was required to make the mandatory Rule 6(b) findings before excusing the late filings. The absence of any Rule 6(b) analysis leaves unresolved whether a district court may disregard expired deadlines without a motion and without making the findings the Rule expressly requires.

This appeal therefore provides the Court of Appeals the opportunity to address, for the first time, whether Rule 6(b)'s requirements are **mandatory and enforceable**, and whether the failure to make the required good-cause determination constitutes reversible procedural error.

Dated: Feb 4, 2026.

Donnahue George

1012 NW 2nd Street

Fort Lauderdale, FL 33311

Pro Se Plaintiff