**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 16, 2026

FILED BY JG D.C.
Oct 16, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 26-10435-HH
Case Style: Donnahue George v. Ken Griffin, et al
District Court Docket No: 0:21-cv-61719-KMM

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-10435

---

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

*versus*

KEN GRIFFIN,
CITADEL SECURITIES MARKET MAKER,
CITADEL CONNECT DARK POOL,
CITADEL LLC HEDGE FUND,
FINRA, et al.,

*Defendants-Appellees,*

SECURITIES EXCHANGE COMMISSION, et al.,

*Defendants.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61719-KMM

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: September 17, 2026

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: October 16, 2026

**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

No. 26-10435
Non-Argument Calendar

DONNAHUE GEORGE,

*Plaintiff-Appellant,*

*versus*

KEN GRIFFIN,
CITADEL SECURITIES MARKET MAKER,
CITADEL CONNECT DARK POOL,
CITADEL LLC HEDGE FUND,
FINRA, et al.,

*Defendants-Appellees,*

SECURITIES EXCHANGE COMMISSION, et al.,

*Defendants.*

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61719-KMM

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Donnahue George challenges the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). After careful review, we affirm.

**I.**

The last time this case was before us, George appealed the dismissal of his second amended complaint. *See George v. Griffin*, No. 24-13718, 2025 WL 3172488 (11th Cir. Nov. 13, 2025), *cert. denied*, No. 25-7006, 2026 WL 1855127 (U.S. June 29, 2026). In 2021, George sued the Financial Industry Regulatory Authority, the Depository Trust & Clearing Corporation, Citadel Enterprise Americas LLC, Citadel Securities LLC, Ken Griffin, and Robinhood, LLC for breach of contract, violation of the Racketeer Influenced and Corrupt Organizations Act, and violation of various antitrust laws. *Id.* at *1–2. While the defendants' response deadline was still pending, the district court dismissed the case sua sponte for failure to submit a joint scheduling report, although it allowed the parties to "move to reopen this matter upon . . . filing a joint scheduling report." *Id.* at *1.

Three years later, the parties did so and the district court reopened the case, providing that "[a]ll previously issued orders in this action remain in effect." *Id.* The defendants then brought motions to dismiss for failure to state a claim, which the district court granted. *Id.* at *2.

George appealed, arguing that the motions to dismiss were untimely because they were filed in 2024 while the defendants' deadline to file responsive pleadings passed in 2021. *Id.* We affirmed "[b]ecause the motions were timely." *Id.* The defendants' deadlines to respond, we explained, were still pending at the time the district court dismissed the case for failure to submit a joint scheduling report. *Id.* When the district court reopened the case, it reinstated the previous response deadlines by "expressly stat[ing] that '[a]ll previously issued orders in this action remain in effect.'" And because each defendant moved to dismiss within the deadlines specified in the district court's "previously issued orders," the motions were timely. *Id.* George petitioned for panel and en banc rehearing, but we denied the petition.

Returning to the district court, George filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), renewing his argument that the defendants' motions to dismiss were untimely because their response deadlines passed in 2021. The district court denied the motion because, in George's earlier appeal, we had already "considered [the] arguments [George] raise[d]" and held that "the motions to dismiss were timely."

George appeals the denial of his rule 60(b) motion.

**II.**

We review for abuse of discretion a district court's denial of a rule 60(b) motion. *Big Top Koolers, Inc. v. Circus Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). We liberally construe pro se pleadings. *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

**III.**

George argues that the district court erred in denying his rule 60(b) motion because rule 6(b)(1)(B) provides that a district court may grant an extension of time only for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Rule 6(b)(1)(B), he argues, "establishes mandatory gateway requirements before a district court may revive an expired deadline." Because the defendants never moved for an extension of time to file their motions to dismiss, "the [r]ule's preconditions were not satisfied," and the district court "lacked procedural authority to adjudicate" the defendants' "untimely dispositive motions."

George's argument fails for three reasons. First, he couldn't raise the argument in a rule 60(b) motion because he could have raised it, but failed to, in his earlier appeal. Rule 60(b) permits a district court to relieve a party from a final judgment or order because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed.

R. Civ. P. 60(b). But because "[a]n appeal of a ruling on a [r]ule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief" and not the "issues in the underlying judgment for review," we have made "clear that [r]ule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). George could have (and did) make arguments about the timeliness of the defendants' motions to dismiss on direct appeal, so there was no reason he could not have raised his rule 6(b) argument as well. But he didn't raise that argument on direct appeal, so he cannot raise it for the first time in an appeal of his rule 60(b) motion.[1] *Id.*

Second, George's rule 6(b) argument is also improper because he never raised it before the district court. We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quoting *Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir. 1994)). George never made his rule 6(b) argument to the district court, so "[w]e cannot allow [him] to argue a different case" on appeal "from

[1] George insists that he "preserved" his rule 6(b) argument because he raised it in his petition for rehearing, relying on *United States v. Levy*, 379 F.3d 1241 (11th Cir. 2004), which he claims stands for the proposition that an "issue is preserved when it is raised in a petition for rehearing." But we said the exact opposite in *Levy*, explaining that we have "repeatedly . . . refused to consider issues raised for the first time in a petition for rehearing." *Id.* at 1242 (collecting cases).

the case [he] presented to the district court." *Id.* at 1331 (quoting *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998)).

Finally, even if George had properly presented his argument, it would still fail because the motions were timely, as we held the last time this case was before us. Rule 6(b)(1)(B) applies only "after the time" to take an action "has expired." Fed. R. Civ. P. 6(b)(1)(B). George assumes that the defendants' motions to dismiss were "untimely dispositive motions." But we held in George's earlier appeal that "the motions were timely." *George*, 2025 WL 3172488, at *2. Because we already decided that issue, George can't relitigate it now. *See This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (explaining that "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication" in a prior appeal).

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 17, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 26-10435-HH
Case Style: Donnahue George v. Ken Griffin, et al
District Court Docket No: 0:21-cv-61719-KMM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion